## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MEDICAL STAFFING OF AMERICA, LLC, a limited liability company,  d/b/a STEADFAST MEDICAL STAFFING, and LISA ANN PITTS, individually and as owner and officer of the aforementioned company, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No.  2:18cv226 ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin MEDICAL STAFFING OF AMERICA, LLC, a limited liability company, d/b/a STEADFAST MEDICAL STAFFING, and LISA ANN PITTS, individually and as an owner and officer of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.     Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.     Defendant MEDICAL STAFFING OF AMERICA, LLC, d/b/a STEADFAST MEDICAL STAFFING ("Steadfast"), is a limited liability company duly organized under the

laws of the Commonwealth of Virginia, with a registered office at 5750 Chesapeake Boulevard, Norfolk, Virginia 23513. Defendant is engaged in a medical staffing services business at the same address, within the jurisdiction of this Court.

3.     Defendant Lisa Ann Pitts is the president and owner of the limited liability company identified in Paragraph II and resides at 488 Fieldstone Glen Way, Virginia Beach, Virginia 23454. Lisa Pitts has directed employment practices and has directly or indirectly acted in the interest of Steadfast in relation to their employees at all times relevant herein, including recruiting new workers; hiring and firing workers; negotiating with healthcare organizations; and determining the positions, schedules, and rates of pay available to those workers Steadfast retains. At all times relevant herein, Lisa Pitts has been responsible for making, keeping, and preserving records of Steadfast's workers, including accurately recording regular work hours and pay separately from overtime work hours and pay.

4.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.     At Steadfast, Defendants have employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including providing staffing services for businesses located across state lines. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Steadfast are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing individuals, including certified nursing assistants ("CNAs"), licensed practical nurses ("LPNs"), and registered nurses ("RNs"), in an enterprise engaged in commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said individuals for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the period of August 18, 2015, through June 9, 2017 ("relevant period"), Defendants improperly classified individuals, including CNAs, LPNs, and RNs, as independent contractors and thereby failed to compensate those individuals who worked over 40 hours in a workweek one and one-half times their regular rate. Although many such individuals worked for more than 40 hours in a given week, these individuals did not receive time and one-half their regular rate for their overtime hours.

7.      Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they were to maintain as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to accurately record overtime hours and compensation. 29 C.F.R. § 516.2(a)(9).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)      For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the relevant period at Steadfast, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after June 9, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3)      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/Karen Barefield
Karen Barefield
Attorney
Bar No. 42572
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
Phone (202) 693-9370
Fax (202) 693-9392
Barefield.karen@dol.gov


/s/ LaShanta R. Harris
LaShanta R. Harris
Office of the Regional Solicitor
*appearing pro hac vice*
Telephone No. 202-693-9351
Facsimile No.  202-693-9392
Harris.LaShanta@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff