**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    **Plaintiff,**

V.                                                                                                      CIVIL ACTION NO. 2:18cv226

MEDICAL STAFFING OF AMERICA, LLC,
D/B/A STEADFAST MEDICAL STAFFING,
AND LISA ANN PITTS,

    **Defendants.**

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>**

NOW COME Defendants, Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing ("Steadfast"), and Lisa Ann Pitts (collectively, "Defendants"), by counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for their Memorandum in Support of Motion for Entry of a Protective Order to limit the scope of discovery sought by Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff" or "DOL"), state as follows:

**I.    BACKGROUND**

    **A.    Factual Background**

Defendant Steadfast[1] is as a nursing registry whereby independent licensed nurses (Certified Nursing Assistants, Licensed Practical Nurses, and/or Registered Nurses) may select from among open, short-term (typically, single-day) opportunities to provide nursing care at

---

[1] Defendant Lisa Pitts owns and manages Steadfast.

various facilities. Steadfast contracts with health care providers to place temporary nurses throughout Virginia and North Carolina, including at assisted living facilities, group homes, hospitals, physician offices, urgent care facilities, nursing homes, rehabilitation facilities, home health agencies, dialysis centers, medical clinics, and correctional facilities. Steadfast maintains no control over the schedules of the nurses on its registry; the nurses contact Steadfast whenever they wish, and Steadfast informs them of the various opportunities available that day.  Provided a nurse holds the requisite license (i.e., CNA, LPN, or RN) required to perform the work, a nurse may select any available opportunity.

The nurses track their hours worked for each health care provider.  Then, the nurses provide invoices to Steadfast listing their hours worked, and Steadfast uses this information to collect the appropriate fees from the health care providers.  When Steadfast collects fees from the health care providers, it retains the difference between the rate Steadfast billed to the health care provider and the hourly rate paid to the nurses as its fee for serving as the registry.  Steadfast classifies the registry nurses as independent contractors, and Defendants exercise <u>no</u> supervision, direction, or control over the services provided by the registry nurses.

**B.     Procedural Background**

The DOL brought suit against Defendants on May 2, 2018, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") when they allegedly improperly classified the registry nurses as independent contractors and failed to properly maintain compensation records. (ECF No. 1). The Court entered a Scheduling Order on August 1, 2018, which, amongst other deadlines, set Plaintiff's discovery deadline for December 4, 2018.  Plaintiff initiated no discovery until September 26, 2018, when, prior to conferring with defense counsel about availability, Plaintiff noticed Lisa Pitts' deposition for November 1, 2018 and noticed Steadfast's deposition

pursuant to Federal Rule of Civil Procedure 30(b)(6) for November 8, 2018 (the "Rule 30(b)(6) Notice"). A copy of the Rule 30(b)(6) Notice is attached as **Exhibit A**. On October 11, 2018, Defendants objected to all of the topics identified in the DOL's Rule 30(b)(6) Notice, and provided the DOL with a letter explaining Defendants' objections and inviting Plaintiff's counsel to meet and confer with defense counsel on the Rule 30(b)(6) topics. A copy of letter is attached as **Exhibit B**, and a copy of Defendants' Rule 30(b)(6) objections are attached as **Exhibit C**.

The parties engaged in substantial discussions to resolve the deposition scheduling problem. Ultimately, the parties sought leave from the Court on November 13, 2018 to amend the scheduling order. (ECF No. 12). The Court granted the motion that same day, and issued a revised scheduling order on November 14, 2018, setting Plaintiff's discovery cutoff on February 4, 2019, and Defendants' discovery cutoff on March 4, 2019. (ECF No. 15).

During November and December 2018, Defendants continued to work on their document production, including compiling and organizing approximately 45,000 pages of invoices. On January 3, 2019, DOL counsel Avni Amin contacted undersigned Plaintiff's counsel regarding a meet and confer and potential dates for depositions. A copy of Attorney Amin's email is attached as **Exhibit D**. The parties scheduled a meeting for January 7, 2019, and spent one hour discussing discovery matters, including Defendants' concerns about the Rule 30(b)(6) Notice. The parties scheduled the depositions, and on January 10, 2019, the DOL issued a Rule 30(b)(6) Notice to Steadfast setting the deposition for January 23, 2019 at 4:00 pm in Newport News, Virginia. A copy of the notice is attached as **Exhibit E**.[2]

---

[2] This notice is identical to the notice issued by the DOL on September 26, 2018, except that the date and location of the deposition have been changed.

The parties have resolved some of the disputes related to the Rule 30(b)(6) topics. The DOL agreed to limit the time period of information sought by Topic Nos. 8, 9, 10, and 11. In particular, the DOL agreed only to seek responsive testimony for the period of time <u>before</u> the DOL's investigation. Additionally, Defendants agreed to withdraw their objections to Topic Nos. 2, 4[3] and 12. Accordingly, the remaining disputed topics are: 1, 3, 5, 6, 7, 13 and 14.

## II.  ARGUMENT

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (footnote omitted)). District courts enjoy broad discretion in managing discovery matters. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 426 (4th Cir. 1996) (noting that district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery."). The Court may "forbid[] the disclosure of discovery," Fed. R. Civ. P. 26(c)(1)(A), "specify[] the terms . . . for the disclosure of discovery," Fed. R. Civ. P. 26(c)(1)(B), or "forbid[] inquiry into certain matters, or limit[] the scope of the disclosure or discovery to certain matters," Fed. R. Civ. P. 26(c)(1)(D).

---

[3] Specifically, Defendants do not object to any testimony sought by Topic No. 4 as it relates to responsive information prior to the initiation of the DOL's investigation. Defendants continue to object to testimony sought by this request to the extent it seeks information regarding events that occurred subsequent to the DOL's investigation.

Rule 30(b)(6) requires that the matters for examination of a corporate entity be described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). The reasonable particularity standard requires precision so that an appropriate designee can be selected and adequately prepared. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) ("[T]he requesting party must take care to designate with painstaking specificity, the particular subject areas that are intended to be questioned. . ."). Rule 30(b)(6) topics are also subject to Rule 26's proportionality analysis which prohibits discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative."). Discovery is impermissible when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

When a Rule 30(b) notice fails to conform to the requirements of the Federal Rules of Civil Procedure, as here, the corporate deponent is entitled to the protection of a Rule 26 protective order. *See Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *6-7 (D. Kan. Oct. 16, 2008) (entering protective order as to deposition notice that was overly broad and did not define the topics of inquiry with "reasonable particularity" as required by Rule 30(b)(6)); *In re Indep. Serv. Orgs. Antitrust Litig.,* 168 F.R.D. 651, 654 (D. Kan. 1996) (entering a protective order as to a Rule 30(b)(6) deposition notice requesting a corporate witness to testify about facts supporting denials and affirmative defenses in answer and counterclaims). The Court may also enter an order modifying or quashing particular topics. *Palmer v. Big Lots Stores, Inc.*, No. 3:14-cv-276, 2014

WL 3895698, at *1 (E.D. Va. Aug. 8, 2014) (granting motion to quash Rule 30(b)(6) topics), *aff'd*, 621 F. App'x 241 (4th Cir. 2015).

  **A.** **Topic No. 3**

Topic No. 3 identifies "Defendant Steadfast's employment relationship between the individuals listed in Schedule A attached to the Complaint, and any other individuals whom Defendant Steadfast employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between August 18, 2015 and the present." This topic presumes a legal conclusion: that Steadfast had an employment relationship, as defined by the FLSA, with the workers identified on Schedule A and any other workers classified as independent contractors. To the extent this topic should be interpreted as seeking testimony about *whether* Steadfast believes it had an employment relationship with those individuals it classified as independent contractors, the topic improperly seeks a legal conclusion. Rule 30(b)(6) depositions are designed to discover facts, not legal theories. *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Defendant requests that the Court enter a protective order prohibiting the DOL from seeking testimony on Topic No. 3.

  **B.** **Topic Nos. 5, 6, and 7**

Topic Nos. 5, 6, and 7 require Steadfast to prepare a designee to testify to <u>every hour worked</u> (Topic No. 5), <u>every dollar paid</u> (Topic No. 7), and <u>every single job duty</u> (Topic No. 6) performed by at least eighty-four nurses over a three year time period. These topics set Steadfast up for an impossible task and an unreasonable burden. Even a suitably prepared corporate designee

cannot amass this level of knowledge for a deposition.[4] The cost and burden of preparing a witness on these topics far outweighs the benefit received by Plaintiff, especially considering that Plaintiff can seek, and has sought, much of this same information through other more appropriate discovery including interrogatories and requests for production of documents.[5]

### C. Topic No. 13

Topic No. 13 identifies "The scope of Defendant Steadfast's business operations." "Scope" is an undefined term, and Steadfast is unsure as to what Plaintiff is actually identifying in this topic. For example, scope could mean the intention of Steadfast's business or its purposes. On the other hand, it could refer to the range of operations. Or, it could refer to the variety of health care providers Steadfast services. At any rate, all of these interpretations are speculative as Steadfast is left to wonder as to the meaning of "scope" because this topic is not identified with particularity.

### D. Topic Nos. 1 and 14

Topic No. 1 identifies "The subjects addressed in Plaintiff's Interrogatories, Requests for Admissions and Requests for Production of Documents." Topic No. 14 identifies "The factual

---

[4] Steadfast's concern about its inability to prepare for this request is not without foundation: "Since a responding party potentially faces sanctions for failing to adequately prepare a corporate representative to testify on its behalf, it is <u>essential</u> that the requesting party identify with 'reasonable particularity' the information that it wants corporate testimony about." *Blue Cross & Blue Shield v. Jemsek Clinic, P.A. (In re Jemsek Clinic, PA)*, No. 06-31986, 2013 WL 3994666, at *6 (Bankr. W.D.N.C. Aug. 2, 2013) (emphasis added)

[5] Topic No. 5 seeks the same information requested by Interrogatory ("INT") No. 1 and Request for Production of Documents ("RFP") No. 2. Topic No. 6 seeks the same information requested by RFP Nos. 9 and 10, and Topic No. 7 seeks the same information requested by INT No. 1 and RFP No. 3. A copy of Defendants' Interrogatory Answers and Requests for Production of Documents Responses are attached as **Exhibit F**.

bases for Defendant Steadfast's affirmative defenses, claimed exemptions and/or denials in Defendant's Answer to Plaintiff's Complaint."

In essence, these topics ask Steadfast to "marshal all of its factual proof" about <u>every issue raised in this case</u> — a task that is both impossible and prohibited. *See In re Indep. Serv. Org. Antitrust Litig.,* 168 F.R.D. at 654 (holding that a party is "is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim"). Courts, including the Eastern District of Virginia, have prohibited these kinds of sweeping topics in the Rule 30(b)(6) context. *See, e.g., Palmer*, 2014 WL 3895698, at *1 (refusing to allow a Rule 30(b)(6) topic on a defendant's "assertions and defenses stated in its answer"); *Catt v. Affirmative Ins. Co.*, No. 2:08-CV-243, 2009 WL 1228605, at *6-7 (N.D. Ind. Apr. 30, 2009) (explaining that topics listed as allegations in the complaint, answers, and affirmative defenses did "not identify the subject matter to be covered with 'reasonable particularity'"); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98-C-3952, 2000 WL 116082, at *9-10 (N.D. Ill., Jan. 24, 2000) (finding Rule 30(b)(6) notice requesting designation of a witness to testify regarding responses to interrogatories and requests for production was overbroad, unduly burdensome, and inefficient); *Skladzien v. St. Francis Reg'l Med. Ctr.*, No. 95-1518, 1996 WL 807353, at *1-2 (D. Kan. Dec. 19, 1996) (request that defendant provide testimony regarding any statement of fact set forth in the amended complaint that had been denied by corporation was improper).

Moreover, these topics violate Rule 26's proportionality rule which prohibits discovery that causes unneeded expense and burden. Discovery is impermissible when it is "unreasonably *cumulative or duplicative*, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added); *see also Nicholas v. Wyndham Int'l., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (affirming trial court's refusal

to allow a Rule 30(b)(6) deposition when it was cumulative and duplicative of other discovery). These requests are blatantly duplicative and cumulative of other discovery obtained by the DOL, or which could have been sought, through more appropriate discovery means.

### III. CONCLUSION

Complying with the DOL's Rule 30(b)(6) Notice would be unduly burdensome, needlessly expensive, and disproportional to the needs of this case. And, for many of the topics the DOL designates, it would simply be impossible for Steadfast's designee(s) to gain the knowledge sufficient to testify on the topics. Accordingly, good cause exists for this Court to protect Steadfast from "annoyance, embarrassment, oppressions or undue burden or expense" under Rule 26(c) by entering an order forbidding inquiry of Steadfast's representative into Topic Numbers 1, 3, 5, 6, 7, 13 and 14.

In accordance with Rule 37(A)(5)(a), Defendants request that they be awarded their costs and fees associated with the filing of this Motion for Protective Order.

### IV. LOCAL RULE 37 CERTIFICATION

I hereby certify that Defendants have made a good faith effort to resolve the referenced discovery dispute in accordance with Local Rule 37. Specifically, Defendants provided the DOL with a letter outlining their objections to the Rule 30(b)(6) topics on October 11, 2018; the parties engaged in a telephonic conference to discuss the Rule 30(b)(6) topics on January 7, 2019; and, Defendants provided the DOL with a draft copy of this Memorandum on January 17, 2019, and the opportunity to revise their Rule 30(b)(6) topics based on the arguments contained therein prior to Defendants filing the Motion for Entry of a Protective Order.

Dated: January 18, 2019　　　　　　　　　Respectfully submitted,

**MEDICAL STAFFING OF AMERICA, LLC, d/b/a STEADFAST MEDICAL STAFFING, and LISA ANN PITTS**

By: */s/ Sharon Kerk Reyes*
John M. Bredehoft
Virginia State Bar No. 33602
Sharon Kerk Reyes
Virginia State Bar No. 87701
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 Facsimile
jmbredehoft@kaufcan.com
skreyes@kaufcan.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Karen Barefield (VSB 42572)
> LaShanta R. Harris (*pro hac vice*)
> Avni Amin (*pro hac vice*)
> Office of the Regional Solicitor
> U.S. Department of Labor
> 201 12th Street South
> Arlington, VA 22202
> Telephone: (202) 693-9370
> Facsimile: (202) 693-9392
> Barefield.karen@dol.gov
> Harris.LaShanta@dol.gov
> Amin.Avni.J@dol.gov
> *Counsel for Plaintiff*

> By: */s/ Sharon Kerk Reyes*
> John M. Bredehoft
> Virginia State Bar No. 33602
> Sharon Kerk Reyes
> Virginia State Bar No. 87701
> KAUFMAN & CANOLES, P.C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> (757) 624-3000
> (888) 360-9092 Facsimile
> jmbredehoft@kaufcan.com
> skreyes@kaufcan.com
> *Counsel for Defendants*