**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT
OF LABOR,

Plaintiff,

v.                                                              Action No. 2:18cv226

MEDICAL STAFFING OF
AMERICA, LLC, et al.,

Defendants.

### O R D E R

This matter is before the Court on the motion of defendants, Medical Staffing of America,

LLC, doing business as Steadfast Medical Staffing ("Steadfast"), and Lisa Pitts (collectively

"defendants"), for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the

scope of the Rule 30(b)(6) deposition of Steadfast. ECF No. 19. Plaintiff R. Alexander Acosta,

Secretary of Labor, United States Department of Labor ("the DOL"), filed an opposition to the

motion on February 1, 2019, and defendants replied on February 7, 2019. ECF Nos. 30, 33.

Defendants seek a protective order forbidding the DOL from inquiry into certain topics

listed in the notice of Rule 30(b)(6) deposition of Steadfast, dated January 10, 2019, specifically

topic numbers 1, 3, 5–7, 13, and 14. ECF No. 20 at 6–9, ECF No. 20-5.

The Court held a hearing by teleconference on February 20, 2019. Avni Amin, Esq.,

participated on behalf of plaintiff, and Christopher Davis, Esq., participated on behalf of

defendants. Jody Stewart was the court reporter. Counsel addressed the topics listed above as

well as topics 8–11. For the reasons stated below, and as more specifically stated on the record, defendants' motion for protective order is **GRANTED IN PART** and **DENIED IN PART** as follows.

Topic 1. The motion for protective order is **GRANTED** with respect to topic 1, which requests testimony on "[t]he subjects addressed in Plaintiff's Interrogatories, Requests for Admissions and Requests for Production of Documents." ECF No. 20-5 at 3. Requesting testimony on any topic addressed in previous discovery requests is overly broad, and fails to describe the topic "with reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

Topic 3. The motion for protective order is **GRANTED IN PART** with respect to topic 3, which requests testimony on "[d]efendant Steadfast's employment relationship between the individuals listed in the Schedule A attached to the Complaint, and any other individuals whom Defendant Steadfast employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between August 18, 2015 and the present." *Id.* The word "employment" shall be struck from the phrase "employment relationship" in topic 3, and plaintiff is permitted to inquire into the relationship between defendants and the individuals who defendants contend were independent contractors.

Topics 5–7. The motion for protective order is **GRANTED IN PART** with respect to topics 5–7, which request "[h]ours worked by," "job duties of," and "compensation paid to" the employees listed in Schedule A attached to Plaintiff's Complaint." *Id.* Plaintiff may generally inquire into defendants' policies, procedures, and practices regarding timekeeping, job placement, the payment of compensation, and the practices in place to ensure accurate record-keeping pertaining to the individuals defendants contend were independent contractors. However, as

2

originally written to pertain to 84 individuals and the tasks they performed at multiple work sites over a period of approximately 23 months, topics 5–7 failed to specify the topics with reasonable particularity. Also, inasmuch as such matters have apparently been addressed in prior written discovery, these topics as originally drafted are not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1).

Topics 8 and 11. Topic 8 requests testimony on the "identity of the individuals involved in the decision to classify" individuals as independent contractors, and topic 11 requests testimony regarding the "identity of the individuals involved in the decision to pay . . . straight time for all hours worked over 40 in a workweek." *Id*. at 3–4. The motion for protective order is **GRANTED IN PART** with respect to topics 8 and 11. Plaintiff may inquire about the identity of the people who made decisions pertaining to the classification of individuals in Schedule A as independent contractors and to pay those individuals straight time, but such inquiries are limited to the decisions made before defendants knew of the DOL investigation.

Topics 9 and 10. Topic 9 requests testimony regarding the "decision to classify the individuals listed in Schedule A . . . as independent contractors," and topic 10 requests testimony regarding the decision to pay those individuals "straight time for all hours worked over 40 in a workweek." *Id*. The motion for protective order is **GRANTED IN PART** with respect to Topics 9 and 10. As with topics 8 and 11, Plaintiff's inquiry regarding topics 9 and 10 shall be limited to decisions made regarding the individuals listed on Schedule A during the time period before defendants knew of the DOL investigation.

Topic 13. The motion for protective order is **GRANTED** with respect to topic 13, which requests testimony on "[t]he scope of Defendant Steadfast's business operations." *Id*. at 4. Topic

3

13 is overbroad and fails to identify with reasonable particularity the information sought.

Topic 14. Topic 14 requests testimony on "[t]he factual bases for Defendant Steadfast's affirmative defenses, claimed exemptions, and/or denials in Defendant's Answer to Plaintiff's Complaint." *Id.* The motion for protective order is **GRANTED** with respect to topic 14 for the same reasons it was granted regarding topic 1.

The Clerk shall mail a copy of this Order to all counsel of record.

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 20, 2019