AGREEMENT FOR INDEPENDENT CONTRACTOR SERVICES

Pursuant to this Agreement for Services ("Agreement"), the person or business entity set forth on the signature page will be engaged as an independent contractor ("Contractor") by SteadFast Medical Staffing, LLC. ("Company"), a limited liability company organized and existing under the laws of the Commonwealth of Virginia, located at 5750 Chesapeake Blvd, Norfolk, VA 23513 for providing independent contractor services as set forth in Exhibit A. This agreement will be effective as of the date of signing by Company, and will continue in full force and effect as set forth herein.

1. Term of Contract
    a. This Agreement will become effective on the date stated above and will continue in full force and effect until the services in Exhibit A are completed. This Agreement may be terminated by Company without cause upon forty-eight (48) hours written notice, provided, however, that if Company terminated prior to completion of the services set forth in Exhibit A, Company will pay the reasonable value of work completed. Termination for cause is set forth in Section 10.
2. Independent Contractor
    a. Contractor will act solely as an independent contractor in the performance of his/her services and nothing herein will at any time be construed to create the relationship of employer and employee, master and servant, or principal and agent between the parties. Neither Contractor nor Contractor's employees or agents are employees of Company and neither are entitled to any employee benefits, including without limitation, vacation, sick leave, or health insurance. Contractor further agrees that Contractor is solely responsible for the payment of all applicable taxes, both federal and state, including social security and all withholding taxes.
3. Services and Compensation
    a. Contractor agrees to perform the services provided in Exhibit A to this Agreement. In consideration for the services to be performed by Contractor, Company agrees to pay Contractor as set forth in Exhibit A. In the event this Agreement is terminated, as provided herein, Company will only be responsible for payment for services provided up to the termination date. Any deviation in either the scope of work or payments for services rendered shall be binding on the parties only if set forth in a writing signed by both parties.
4. Performance by Contractor
    a. Contractor agrees to perform all services in a manner consistent with the standards of work performed by others similarly situated within that industry. Should Contractor fail to render acceptable results, Contractor agrees to re-perform these services and acknowledges that Company has no obligation to pay for these services until they meet acceptable industry standards.
5. Intellectual Property Assignment

   a. Company shall be the exclusive owner as work for hire of all right, title, and interest (including without limitation copyright, trademark and patent rights and all extensions and renewals thereof) now known or hereafter derived in all media and form limitation, all computer programs, including any source code, object code, enhancements and modifications, all files, including input and output materials, all documentation related to such computer programs and files, all media upon which any such computer programs, files and documentation are located (including tapes, disks, and other storage media), proposed, prepared, developed, or produced by Contractor for Company or accepted or paid for by Company or, if not legally possible, then all such rights are hereby exclusively assigned to Company. Contractor agrees to take any actions which might be reasonably requested by Company to effectuate or evidence such ownership by Company or such an assignment.
   b. Company shall have unrestricted access to all computer media containing Company data from time to time about the performance of the services provided herein. Contractor, at the requests of Company shall promptly deliver to Company all computer programs, including source code, files, media, documentation and related materials, concerning any services provided by Contractor before or after the date of this Agreement.

6. <u>Confidentiality</u>
   a. Contractor acknowledges and agrees that as part of Contractor's duties at Company, Contractor will have access to Company's confidential and proprietary information, including information relating to Company's business systems and customer list. Contractor hereby agrees not to disclose, use, sell, license, publish or reproduce, without the prior written consent of Company, any information or documents relating to the Company, system of doing business, computer software, work product resulting from or related to services performed under this Agreement, financial, marketing, strategic and other business information, or any other information designated by Company as confidential (together, "Confidential Information"). Contractor acknowledges that the Confidential Information disclosed to him/her while performing services for Company is protected by copyright, trade secret, trademark and/or copyright laws. Contractor hereby agrees that Contractor will use all reasonable efforts to return to Company upon request all documents and other forms of information (and all reproductions thereof) received from Company that include such Confidential Information.
   b. Confidential Information shall not include any information of Company that: (a) is already known to Contractor at time of its disclosure; (b) is or becomes publicly known through no wrongful act of Contractor; (c) is communicated to a third party with express written consent of Company; (d) is independently developed by Contractor; (e) is lawfully required to be disclosed to any governmental agency or is otherwise required to be disclosed by law, provided that before making such

DOL00155

disclosure the Contractor shall immediately give Company written notice and an adequate opportunity to raise an objection or take action to assure confidential handling of such information.

7. Return of Documents
   a. Contractor agrees that upon expiration or termination of this Agreement, Contractor will promptly deliver to Company all program listings, program files, manuals, notes, reports, records, writings, and all other documents or materials pertaining to the business affairs of Company which are in Contractor's possession or under Contractor's control whether on the premises of the Contractor and regardless of how obtained.

8. Non-Competition
   a. Commencing from the first date of the Contractor's engagement by Company and continuing from a period of twelve (12) months from the effective date of expiration or termination of this Agreement, Contractor agrees that Contractor shall not directly provide that type of services provided to Company to any competitors of Company without first obtaining the express written permission of Company. Contractor agrees that during the term of this Agreement and for twelve (12) months thereafter, Contractor will not enter, be engaged in, or be interested in any capacity whatsoever, directly or indirectly, in any business or undertaking which competes with that of Company.

9. No Conflicting Obligations
   a. Contractor warrants and represents to Company that in performing services under this Agreement he/she does not and will not violate any obligation, contractual or otherwise, to any third party. Contractor hereby warrants and represents that he/she does not possess any confidential or proprietary information of any third parties which will be used herein, and has not signed any agreements or covenants not to compete which could prevent Contractor from performing the services for Company as provided herein and in Exhibit A.

10. Termination for Cause
    a. Either party may terminate this Agreement if the other party materially breaches its obligations hereunder; if (a) the non-breaching party sends written notice to the breaching party describing the breach in reasonable detail, and (b) the breaching party does not cure the breach within five (5) days following its receipt of such notice.

11. Non-agency
    a. Contractor agrees that he/she has no authority to enter any agreement nor bind Company in any matter whatsoever; Contractor agrees that he/she has no actual, inherent, or apparent authority to bind Company and agrees to make no representations or commit any acts which would lead any other party into believing he/she has any such authority.

12. Assignment

  a. Contractor agrees that this Agreement is one for "personal services," which are non-delegable. Neither this Agreement nor any duties or obligations may be assigned by **Contractor** without the prior written consent of **Company**. **Company** may assign this Agreement without **Contractor's** prior approval about a merger or acquisition of **Company** or a sale of all substantially all its assets.

13. Indemnity

  a. **Contractor** hereby agrees to indemnify and hold harmless **Company**, its affiliates, subsidiaries, franchises, officers, directions, agents and employees ("Indemnitees") from and against all claims, suits, liabilities, losses, judgments, or costs arising out of or related to **Contractor's** breach of this Agreement or acts or omissions in carrying out obligations under this Agreement.

14. Entire Agreement of the Parties

  a. This Agreement supersedes all Agreements, either oral or written, between the parties hereto with respect to the rendering of services by Contractor for Company, and contains all the covenants and agreements between the parties with respect to the rendering of such services. Any modifications of this Agreement will be effective only if in writing and signed by the party to be charged.

15. Validity

  a. Should any part of this Agreement for any reason be declared invalid, then such portion shall be invalid only to the extent of the prohibition without invalidating or affecting the remaining provisions of the Agreement, or without invalidating or alerting said proportions of this Agreement within states or localities where they are not prohibited by law or court decree.

16. Governing Law and Venue

  a. The parties agree that this Agreement will be construed under and will be deemed governed by the laws of the Commonwealth of Virginia. The parties hereby consent and agree that venue and jurisdiction for all actions enforcing and/or arising out of this Agreement will be the state or federal courts in the City of Virginia Beach, Commonwealth of Virginia, to the exclusion of the courts of any other State or County.

IN WITNESS, WHEREOF, the parties hereto have duly executed this Agreement as of the date and year first written below.


CONTRACTOR                                          STEADFAST MEDICAL STAFFING, LLC.

                                                    A Virginia Limited Liability Company

                                            By: _____
_____
Signature

(Company Name or Individual)

Name: _____

       (printed)

Dated: _____

Address: _____

_____

_____

Telephone No. _____

Fax No. _____

E-mail Address: _____

DQL00158
D-1-e