IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



R. ALEXANDER ACOSTA,

    SECRETARY OF LABOR,
    UNITED STATES DEPARTMENT OF LABOR

    Plaintiff,

v.                                                 CIVIL ACTION NO. 2:18-cv-226

MEDICAL STAFFING OF AMERICA, LLC,
D/B/A STEADFAST MEDICAL STAFFING,
AND LISA ANN PITTS

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

### I. FACTUAL AND PROCEDURAL HISTORY

Before the Court is R. Alexander Acosta's ("Secretary") objection to the Magistrate Judge's order granting Defendant's Motion to Strike the Secretary's Revised Schedule A document attached to the Secretary's Complaint. ECF No. 133.

The Secretary's Complaint was filed on May 2, 2018. ECF No. 1. The Complaint states that Defendants may be liable to current and former employees unknown to the Secretary at the time the Complaint was filed and for ongoing violations of the Fair Labor Standards Act ("FLSA"). *Id.* at 4 ¶ (2). The Secretary's Revised Schedule A was filed on May 13, 2019 and increases the number of potential beneficiaries of the Secretary's suit from 84 to 389 to reflect newly discovered potential violations of the FLSA by the Defendants. ECF No. 133. The Secretary's Revised Schedule A does not alter the Complaint itself. ECF No. 135 at 1–2.

The Magistrate Judge granted the Defendant's Motion to Strike (ECF No. 118) on May 24, 2019, with a docket entry ("docket entry") finding the Secretary's Revised Schedule A occurred after the issuance of the Final Pretrial Order. ECF No. 133. Additionally, the Magistrate Judge found the Secretary's Revised Schedule A to constitute an amendment to his Complaint, thereby requiring leave of court or Defendant's consent consistent with Fed. R. Civ. P. 15(a)(2). ECF No. 133.

## II. LEGAL STANDARD

As a nondispositive matter, the review of a magistrate's order is properly governed by the "clearly erroneous or contrary to law standard of review." *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Where a magistrate judge's ruling constitutes an abuse of discretion or is contrary to law, district courts must vacate it in order to give effect to the plain language of 28 U.S.C. § 636(b)(1)(A). *In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

## III. DISCUSSION

In his objection to the Magistrate Judge's docket entry, the Secretary argues the Revised Schedule A does not constitute an amendment to its Complaint, thereby circumventing the requirements for the amendment of pleadings in Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16. ECF No. 135. In opposition to the Secretary's objection, Defendants claim the Magistrate Judge's docket entry subjecting the Revised Schedule A to the requirements of Fed. R. Civ. P. 15(a)(2)

was not clearly erroneous or contrary to law. ECF No. 136 at 5–7. In addition, Defendants contend the inclusion of the Revised Schedule A would be improper because a Final Pretrial Order has been issued and Fed. R. Civ. P. 16(e) precludes modification of the docket entry absent a finding of manifest injustice. *Id.* at 7–16.

## A. Objection to the Exclusion of Revised Schedule A Under Fed. R. Civ. P. 15

In support of his objection to the Magistrate Judge's docket entry, the Secretary relies on *U.S. Dep't of Labor v. Fire & Safety Investigation Consulting Servs.* No. 1:17CV25, 2018 WL 2065941 (N.D. W. Va. May 3, 2018). In *Fire & Safety*, the Secretary's complaint alleged back wages and liquidated damages may be due for certain present and future employees unknown at the time the complaint was filed. *Id.* at *3. The Secretary was permitted to file a Revised Schedule A without amending its complaint because the allegations in the complaint were not limited to the employees listed in the original Schedule A.

Like the complaint at issue in *Fire Safety*, the allegations in the Secretary's Complaint were not confined to those employees specifically listed in the original Schedule A. In addition to the employees listed in the original Schedule A, the Complaint seeks additional amounts of back wages and liquidated damages for continuing violations of the FLSA and for violations presently unknown to the Secretary. ECF No. 1 at 4 ¶ (2).

Defendants oppose the Secretary's objection, arguing the Revised Schedule A obligates the Secretary to seek leave of court, as an amendment to its Complaint. In support of its opposition to the Secretary's objection, Defendants rely on a series of cases in which the Secretary sought to file a Revised Schedule A (or analogous attachment) which added beneficiaries who were not named in the original Schedule A accompanying the complaint. ECF No. 136 at 5–7. Although the Secretary sought leave of court to file a Revised Schedule A in

each of the cases the Defendants cite, in no case was leave of court cast as a mandatory step required to file a Revised Schedule A. Further, the Secretary was permitted to file a Revised Schedule A in each case the Defendants cite, with one court characterizing the addition of employees to a Revised Schedule A as a "purely technical matter." *Reich v. Great Lakes Collection Bureau*, 176 F.R.D. 81–85 (W.D.N.Y. June 27, 1997). Therefore, as a general matter, the Secretary should be permitted to submit a Revised Schedule A without amending his complaint.

## B. Revised Schedule A and the Pretrial Order

The Secretary contends that the Magistrate Judge did not mention the final pretrial order or the purported effect of the Revised Schedule A on the final pretrial order in his docket entry. *Id.* at 16. However, a plain reading of the Magistrate Judge's docket entry contradicts this argument. The Magistrate Judge's docket entry states that the Secretary's Revised Schedule A was submitted "after the final pretrial conference and the issuance of a final pretrial order in which [the Secretary] made no reference to any expansion of potential beneficiaries." ECF No. 133. Therefore, the Court must determine whether the issuance of the Final Pretrial Order precludes the Secretary's submission of a Revised Schedule A.

The Secretary argues that the Magistrate Judge's docket entry is contrary to law because the issuance of a final pretrial order is not a factor in determining whether he should be permitted to file a Revised Schedule A. ECF 137 at 2. A pretrial order, which measures the dimensions of the lawsuit, may be modified only to prevent manifest injustice. Fed. R. Civ. P. 16(e). Rule 16(e) is mandatory, and generally that order supersedes the pleadings and sets the issues for trial. *Bryant Real Estate, Inc. v. Toll Bros., Inc.*, 106 F. Appx 182, 187 (4th Cir. 2004). In the instant case, a Final Pretrial Order, which supersedes the pleadings, had been issued before the

Secretary's filing of the Revised Schedule A and did not include a reference to present and future employees unknown to the Secretary at the time of the Complaint. ECF No. 84. The final pretrial order limited the triable issues to the employees listed in the original Schedule A on file at the time of its issuance. *Id.* The Secretary could have included present and future employees unknown to the Secretary in the Final Pretrial Order. However, because the pretrial order does not reference present and future employees unknown to the Secretary, this Court cannot conclude the Magistrate Judge's Order to be "clearly erroneous or contrary to law."

## IV. CONCLUSION

Accordingly, the Secretary's objection is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 10, 2019

Raymond A. Jackson
United States District Judge