IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>      v.<br><br>MEDICAL STAFFING OF AMERICA, LLC, a limited liability company, d/b/a STEADFAST MEDICAL STAFFING, and LISA ANN PITTS, individually and as owner and officer of the aforementioned company,<br>                Defendants. | Case No. 2:18-cv-226 |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Eugene Scalia, Secretary of Labor, U.S. Department of Labor's ("Plaintiff" or "Secretary") Motion for Summary Judgment should be granted because there are no genuine issues of material fact that Defendants Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing and Lisa Ann Pitts violated Sections 7 and 11 of the Fair Labor Standards Act ("FLSA" or the "Act"). From August 18, 2015, through at least April 15, 2019, Defendants intentionally misclassified their employees as independent contractors and failed to pay them the proper overtime premium in violation of Section 7 of the FLSA. As a result, Defendants are liable for back wages totaling $391,901 and an equal amount of liquidated damages in the amount of $391,901.

Record evidence demonstrates Defendant Lisa Pitts' is an "employer" under Section 3(d) of the Act. Defendant Pitts admits she was an "employer" of the employees listed in Schedule A of Plaintiff's Complaint ("Schedule A employees") within the meaning of Section 3(d) of the Act between August 18, 2015 and present. Defendant meet the jurisdictional requirements subjecting

them to the FLSA.

Defendants failed to pay proper overtime to all of their hourly workers, in violation of Section 7 of the Act. Instead, they knowingly paid straight time (employees' normal hourly rate) for all hours worked over 40 in a workweek, and in other instances did not pay any hourly wage for overtime hours worked. The overtime violations are apparent on the face of Defendants' own records. Defendants also failed to maintain accurate payroll records reflecting: (1) employees' total daily or weekly straight-time earnings and (2) the total overtime pay for the workweek in violation of Section 11(c) of the Act.

Defendants are also liable for liquidated damages under 29 U.S.C. § 216(c). When an employer is liable under the FLSA for failing to pay employees the overtime premium rate, a Court must award an equal amount of liquidated damages.  *See Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011); *see also* 29 U.S.C. § 216(c). The sole exception to mandatory liquidated damages is set forth in 29 U.S.C. § 260, which requires that an employer prove with "plain and substantial" evidence that it has a "good faith" defense for the violations of the FLSA. Defendants have no evidence to meet its burden of proving the affirmative defense.

The Court  should also grant Plaintiff's request for injunctive relief pursuant to Section 17 of the Act due to Defendants' prior conduct, their failure to come into compliance with the FLSA despite being advised of their non-compliance, and the likelihood that Defendants will continue to violate the FLSA. Accordingly, and for reasons set forth more fully in the accompanying Memorandum of Law, Plaintiff is entitled to judgment in his favor on all issues as a matter of law and respectfully requests that his Motion for Summary Judgment be granted in its entirety.

        Respectfully submitted,

Mailing Address:        UNITED STATES DEPARTMENT OF LABOR

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450

(202) 693-9369(voice)
(202) 693-9392 (fax)

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah A. Williams
Regional Wage and Hour Counsel

*/s/ Ryma Lewis*
Ryma Lewis (VSB No. 83322)
Senior Trial Attorney
lewis.ryma@dol.gov

/s/ Chervonti Jones
Chervonti Jones
Trial Attorney
*appearing pro hac vice*
jones.chervonti.j@dol.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2019, a true and correct copy of the forgoing Plaintiff's Motion for Summary Judgment was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically notify Defendants by electronically serving a copy to Defendants' counsel:

Joshua J. Jewett
Julia A. Rust
Christopher D. Davis
Pierce/McCoy PPLC
101 W. Main St., Suite 101
Norfolk, VA 23510
jjewett@piercemccoy.com
julia@piercemccoy.com
chris@piercemccoy.com

                                                          /s/ Ryma N. Lewis
                                                          Ryma N. Lewis