**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:18-cv-226 |
| v. | ) | |
| | ) | Case No. 2:19-cv-475 |
| MEDICAL STAFFING OF AMERICA, LLC a limited liability company, dba STEADFAST MEDICAL STAFFING, and LISA ANN PITTS, individually and as owner and officer of the aforementioned company, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Defendants have withheld relevant and probative information documents throughout this litigation. Further, Defendants have withheld documents based on privilege - without (1) describing the nature of the documents, communications, or tangible things not produced or disclose; and (2) producing a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A). Defendants have represented to this Court, and to Plaintiff during multiple meet and confers, that they have produced all responsive documents, or that such documents do not exist. These representations are wrong.  Documents exist that Defendants still have not produced despite said documents being directly responsive to Plaintiff's discovery requests.

For instance, Defendants have inaccurately represented they have produced "[a]ll policy memorandum, notices to employees, memos to employees, handbooks…" in response to Request for Production of Document No. 7. However, Defendants' did not produce a single responsive document until yesterday (March 25, 2020), and what little they did produce only covers 2018 and later. This litigation covers the period of August 18, 2015 to present.  Defendant Pitts admitted under oath that Defendants regularly generated memos to Steadfast nurses' regarding compensation and timekeeping practices. Exh. I: Pitts 3-12 Dep. Tran 63:2-65:21. Even more significant is the fact that Steadfast nurses listed on the *Steadfast I and II* Schedule As have produced copies of memos that Defendants still have yet to produce. *See, e.g*. Exh. J: Next Day Pay Memo. Defendants are withholding clearly relevant documents, while at the same time representing to this Court that they have produced all responsive documents.

Defendants also made inaccurate representations to Plaintiff that certain documents responsive to Plaintiff's discovery requests do not exist. During the parties' fourth meet and confer regarding the instant Motion to Compel, defense counsel denied the existence of 1099s and W-2s for tax year 2019. However, yesterday evening, in response to Plaintiff's *subpoena*

*duces tecum* served on ADP, Defendants' third party payroll company, ADP provided Plaintiff with copies of 1099s and W-2s for tax year 2019. Exh. K: ADP Documents- Sample 1099, W-2s and Contract Order Excerpts. Defendants also denied their ability to produce Payroll Summaries and Payroll Detail Reports from the years 2016 and 2020 – thus far, Defendants have only produced Payroll Summaries and Payroll Detail Reports for 2017, 2018 and 2019. However, ADP, again in response to Plaintiff's subpoena, produced Defendants' Payroll Summaries and Detail Reports for 2016 and 2020. Exh. L: Payroll Summaries and Details. In other words, Plaintiff had to serve a third party with a subpoena to obtain records defense counsel has repeatedly asserted did not exist. Plaintiff should not have to go to third parties to learn relevant – and highly significant – documents in Defendants' control, and responsive to his discovery requests, exist. Plaintiff should not have to prove Defendants' representations that such documents do not exist are untrue.

As detailed below, Defendants also have made inaccurate representations regarding Plaintiff's efforts to resolve this matter without involving the Court. Plaintiff met and conferred with Defendants three times before filing his Motion to Compel. Fortunately, the majority of those meeting were documented via email, or in the case of one meet and confer – on the record during Defendant Pitts' deposition. Plaintiff has met his burden under Local Civil Rule 37(E).

Defendants' Opposition seeks to deflect from the primary issue at bar – Defendants' failure to meet *their* discovery obligations as required under the Federal Rules of Civil Procedure. Defendants have failed to comply with the Rules governing discovery throughout this litigation. *See, e.g.*, ECF No. 39, 55 (Defendants' failure to produce responsive facility invoices); ECF No. 173 (Defendants' failure to produce up to present payroll records for the 84 Steadfast I employees), ECF No. 90, 98 (Defendants' counsel direction to Steadfast nurses to not speak with

counsel for the Secretary); and ECF No. 127 (Defendants admitting to purposefully excluding records from supplementation concerning any employees whom Defendants employed after the investigative period, i.e., post June 9, 2017); *See also* ECF No. 15 at Docket 2:19-cv-00475. As detailed in Plaintiff's Motion to Compel, Defendants have continued with these tactics in failing to produce full and complete responsive documents and information that is within their custody, possession or control. The fact that Defendants have produced thousands of documents – some more than 23 days after they were due – does not erase their obligation to produce all responsive documents. Indeed, producing documents responsive to one discovery request does not eliminate Defendants' obligation to produce documents responsive to another.

As discussed in detail below, Defendants should be compelled to produce full and complete responses to discovery as they have failed to satisfy *their* discovery obligations to produce documents, which they have put at issue.  Plaintiff should not continue to be prejudiced by Defendants' failure to produce responsive documents and information.

**I.      PLAINTIFF MET HIS BURDEN UNDER LOCAL CIVIL RULE 37(E) AND REPEATEDLY MET AND CONFERRED WITH DEFENDANTS**

Plaintiff repeatedly attempted to resolve the matters addressed in his Motion to Compel without involving the Court. Plaintiff met and conferred with Defendants in accordance with Local Civil Rule 37(E) on *several* occasions prior to filing the instant motion compel. On February 21, 2020, counsel for the parties met and conferred regarding Defendants' objections to the Secretary's discovery request. *See* Exh. A: Objection Meet and Confer Request. In addition to discussing the propriety of Defendants' objections to specific discovery requests, the parties also reviewed all of the Secretary's discovery requests to ensure Defendants would produce full and complete responsive documents and responses, notwithstanding their asserted objections. Following the parties' first meet and confer, Plaintiff emailed Defendants confirming that they

would produce full and complete discovery responses on February 28, 2020. *See* Exh. B: Objections Meet and Confer Recap.[1] Indeed, the meet and confer was comprehensive, addressed all of Plaintiff's discovery requests, and lasted over 1.5 hours.

On February 29, 2020, after Defendants' failed to timely produce any discovery responses – as discussed and agreed on February 21st- counsel for the Secretary emailed Defendants' counsel as to the status of production. *See* Exh. D: Discovery Status Inquiry. In response, Defendants indicated that discovery would be forthcoming on March 2nd, rather than February 28th. On March 2, 2020, after reviewing Defendants' discovery responses and identifying deficiencies, Plaintiff's counsel requested a second telephonic meet and confer. Exh. E: Discovery Response Meet and Confer Email.

On March 6, 2020, counsel for the parties held a second telephonic meet and confer (which again lasted over an hour) to review Defendants' discovery deficiencies. Exh. F: Outlook Meeting Confirmation. The Secretary requested supplements to identified deficiencies no later than March 11, 2020 based upon the parties agreed upon filing deadlines for cross-motion for summary judgment (March 17, 2020). *See* ECF No. 190. Plaintiff's counsel sent a letter recapping the parties' March 6, 2020 meet and confer, amongst other matters tangential to

---

[1] Defendants allege that the February 21, 2020 meet and confer was somehow inadequate in addressing discovery disputes as the focus of the discussion was on objections that Defendants' intended to stand on, i.e., objections Defendants intended to rely upon to justify not providing any answer or responsive documents. This argument ignores the multiple other times Plaintiff met and conferred with Defendants regarding their deficient discovery responses. It also disregards the fact that Defendants proposed conducting their meet and confer regarding Plaintiff's discovery responses the exact same way. Defendants requested a meet and confer regarding Plaintiff's objections to Defendants' discovery requests and, in so doing, only sought to address discovery requests in which Plaintiff would not answer based upon asserted objections. *See* Exh. C: Defendants' Request to Meet and Confer. However, such a meet and confer was ultimately not required as Plaintiff fully and completely responded to Defendants' discovery request.

litigation, on March 11, 2020. Exh. G: Schedule A Update and Meet and Confer Recap. During that second meet and confer, Plaintiff raised issues with Defendants' responses to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 9, 10, 11, and 12 and Request for Production Nos. 2, 7, 12, 13, 21, 22, and 23. In response to Plaintiff's repeated efforts to resolve the discovery dispute without involving the Court, Defendants provided a limited number of supplements, which again, did not resolve the discussed discovery deficiencies.[2]

Then, on March 11, 2020, during Defendant Lisa Pitts' deposition, the parties again discussed Defendants' obligation to cure their deficient discovery and the timeline to do so. *See* Exh. I: Pitts 3-12 Dep. Tran 63:2-65:21. Again, Defendants represented they intended to produce full and complete discovery responses by March 16, 2020. Yet, on March 16th, Defendants did not cure the discovery deficiencies identified during the parties' March 6, 2020 meet and confer.[3]

Plaintiff met and conferred, telephonically and in-person, with Defendants in accordance with Local Civil Rule 37(E) on no less than three occasions – February 21st, March 6th, and March 11th. Additionally, on March 25, 2020, counsel met and conferred yet again to review Defendants' limited supplements and to discuss narrowing or resolving the issues for the pending Motion. Exh. H: Motion to Compel- Meet and Confer. Indeed, in each of these four meetings, the Plaintiff has focused its efforts on ways to resolve Defendants' failure to comply with their discovery obligations and narrow issues of dispute. Moreover, during each conference, the

---

[2] None of Defendants' supplemental productions were unsolicited. Rather, Defendants produced these documents directly in response to Plaintiff's complaints about Defendants' insufficient discovery responses.

[3] Despite the parties' agreement to file their respective cross-motions for Summary Judgment, Defendants filed their Motion for Summary Judgment on March 13, 2020, while failing to supplement discovery documents which would support Plaintiff's Motion for Summary Judgment. As discussed herein, Defendants continue to withhold documents which are currently within their custody, possession, and control.

Secretary renewed the same issues identified in the instant motion. In other words, the discovery disputes has been static – Plaintiff's demand for Defendants to comply with their discovery obligations has not been a moving target as Defendants' assert.

## II.    DEFENDANTS' ANSWERS TO INTERROGATORY NOS. 2, 3, AND 9 ARE STILL DEFICIEINT DESPITE THEIR ATTEMPT TO CURE AFTER PLAINTIFF FILED HIS MOTION TO COMPEL

On March 25, 2020, at approximately 8:09 p.m., Defendants produced their First Supplemental Answers and Objections to Plaintiff's Second Set of Interrogatories. Exhibit M. However, as detailed below, Defendants' responses are still insufficient.

### INSUFFICIENCY  – Defendants Continue to Improperly Withhold Information and Documents in Response to Interrogatory Nos. 2 and 3

While Defendants finally identified the bates-numbers for what few responsive documents they did produce on March 25, 2020, their response is still deficient. Although Defendants have identified "contractual agreements with independent contractors and health care providers" as responsive to the interrogatories, they have withheld the actual documents detailing Steadfast's policies, practices and/or procedures relating to compensation of employees as requested in Interrogatory No. 2 and the terms and conditions of employment as requested in Interrogatory No. 3. Specifically, none of the independent contractor agreements produced provide any information regarding compensation, including overtime, reimbursements, and bonuses. For example, the Agreement for Independent Contractor Services produced by Defendants, Steadfast 6th 3508-3512, indicates "Contractor agrees to perform the serves provided in Exhibit A to this Agreement. In consideration for services to be performed by Contractor, Company agrees to pay Contractor set forth in Exhibit A." Exhibit N.  However, Defendants failed to produce Exhibit A for any of the independent contractor agreements provided. Notably, some of the agreements do not contain any

information regarding compensation, thus, such documents are unresponsive. Exhibit O. Further, Defendants failed to identify any bonuses or reimbursements or documents reflecting the same, despite the fact that Defendant Pitts testified to such bonuses and reimbursements during her March 12, 2020 deposition. Exhibit I: Pitts Dep. Tr. at 210:6-14; 212-220:1-17. As such, the documents identified in Defendants' supplemental responses do not constitute "all documents explaining Defendant Steadfast's policies, practices and/or procedures relating to compensation of employees." Defendants have, again, improperly withheld information requested in discovery.

Moreover, Defendants have still failed to produce any responsive emails and text messages despite the fact that Steadfast primarily communicated with nurses via text. Instead, Defendants continue to object to such request as being "overly broad and unduly burdensome." Although Defendants rely on an untimely declaration from Christine Kim, their sole basis for not producing the requested information is that to do so would require Defendants to expend too much time compiling and reviewing the documents. However, the mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request. *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y.1996). The requested text message and details speak to the very issue of this ligation, the classification for Defendants' workers.

Defendants also have repeatedly taken issue with Plaintiff's reference to "employees" in his discovery requests. This argument is a red-herring. Plaintiff expressly defined employees as "the individuals listed in the Schedule A attached to the Complaint (Docket

2:19-cv-475, ECF 1), and any other individuals whom Defendant Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing employed, retained, contracted and/or contends it had an independent contractor relationship with, at any point between June 10, 2017 and present." In other words, "employees" include individuals on the Schedule A, individuals Defendants have identified as independent contractors, and individuals Defendants conceded are employees. Defendants' argument, therefore, that "the Secretary could argue that Defendants identified its independent contractor agreements with nurses (whom Steadfast classifies as independent contractors) in response to an Interrogatory concerning employees and assert that Defendants concede this point," has no merit.

Accordingly, Defendants' objections are invalid and fail to justify their withholding responsive information and documents in response to Interrogatory Nos. 2 and 3. Thus, this Court should order Defendants to produce responsive information.

## INSUFFICIENCY – Defendants Still Have Not Cured Their Deficient Answer to Interrogatory No. 9.

Defendants have conceded their obligation to produce information in response to Interrogatory No. 9.  Defendants now contend they did not withhold documents based on their improper objections, but instead, simply have not had the opportunity to produce such information. Defendants' discovery responses were due on February 28, 2020.[4] Defendants still have not produced complete information in response to this request – which is a complete list of employees (schedulers) and their contact information – information unquestionably in their possession. Defendants have failed to offer any justification for failing to produce these records in the timeframe set forth in Fed. R. Civ. P. 33, or in the more than three weeks following that

---

[4] Defendants' discovery responses were arguably due March 2, 2020, based upon Defendants' new position that there was not an agreement for service of discovery via electronic mail, despite the parties' history of serving and responding to discovery via email.

timeframe. Plaintiff requests the Court compel Defendants produce information responsive to this request immediately.

## III.   DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION NOS. 2, 7, 12, 13 AND 19 ARE STILL DEFICIEINT DESPITE THEIR ATTEMPT TO CURE AFTER PLAINTIFF FILED HIS MOTION TO COMPEL

Defendants still have not produced all responsive documents requested by Plaintiff. While Defendants produced documents responsive to deficiencies identified in Request for Production No. 21 and 22 (which they did at 8:09, p.m., on March 25, 2020), Defendants still have not cured their other deficient discovery responses.

### INSUFFICIENCIES – Defendants Still Have Not Cured Their Deficient Responses to Request for Production Nos. 2 and 7.

Contrary to Defendants effort to limit the number and type of employees Plaintiff may recover for in this action, as detailed in Plaintiff's Motion, the *Steadfast II* Complaint encompasses all employees seeks to recover back wages for all Steadfast employees, not just those whom Defendants misclassified as independent contractors. *Steadfast II*, ECF No. 1, at ¶ 7. Further, at the *Steadfast II* Schedule A includes individuals who both were not nurses and were not misclassified as independent contractors.

Request No. 2 specifically requests documents showing the hours worked, including but not limited to time records, payroll records, employee lists, employee schedules, and/or work schedules. Despite the clarity of the request and what it is seeking, Defendants unilaterally limited the scope of the scope of Request No. 2 and blatantly withheld documents detailing hours worked by employees. Defendants now ask the Court to overlook their continuous failure to provide responsive documents by noting that they have produced payroll records for office employees and by asserting that there is no need for such records to be produced. The Court should not be persuaded. Defendants still failed to produce time records, which were specifically

9

sought in this document request. These records are necessary to obtain a full picture of

Defendants' FLSA violations. Indeed, records in Defendants possession that specifically detail

the hours worked by employees are relevant to the present proceeding – which focuses on

Defendants failure to pay employees for hours worked over 40 in a workweek. Records of hours

worked by employees are the most important documents at issue in this *overtime* litigation.

While Plaintiff has computed back wages in this case, those back wages are limited to only what

Defendants reported on payroll and may not reflect the hours worked as reflected on time sheets,

which are completed by employees. Thus, the records are vital to ensure that employees recover

all wages due and owed to them as a result of Defendants' FLSA violations. Accordingly,

Defendants should be ordered to produce all documents responsive to Request No. 2.

Request No. 7 seeks "All policy memoranda, notices to employees, memos to employees

(as defined herein), handbooks, signed agreements, posted signs or any other documents that set

forth Steadfast pay policies concerning, including but not limited to policies concerning

compensation and overtime during the relevant time period." Defendants continue to assert

objections based on the attorney client privilege and work product doctrine. It is well-established

that the party asserting the privilege has the burden of proving its existence, and must "supply

opposing counsel with sufficient information to assess the applicability of the privilege or

protection, without revealing information which is privileged or protected." *Burns*, 164 F.R.D. at

593. Rule 26(b)(5) requires the party asserting privilege or work-product protection to "expressly

make the claim," and to "describe the nature of the documents ... not produced ... in a manner

that, without revealing information itself privileged or protected, will enable other parties to

assess the claim." Fed.R.Civ.P. 26(b)(5)(A). An adequate "privilege log" should contain:

> [A] brief description or summary of the contents of the document, the date the document
> was prepared, the person or persons who prepared the document, the person to whom the

document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Burns,* 164 F.R.D. at 594. Defendants have failed to produce a single privilege log addressing the responsive documents for which they have invoked said privileges. The extent to which any document requested is privileged must be determined on a case-by-case basis and cannot be based on a blanket assertion by Defendants claiming the privilege. The burden is on the party claiming the privilege to present the underlying circumstances or facts demonstrating the existence of the privilege to the court. *Cappetta v. GC Services Ltd. Partnership*, 2008 WL 5377934 *4 (E.D. Va. 2008). Defendants have failed to show that the underlying circumstances or facts demonstrate the existence of any privilege with respect to documents responsive to Request No. 7. Indeed, Defendants filed a motion to compel (ECF No. 44, 45) against Plaintiff – which this Court granted – based on the argument that the Secretary in *Steadfast I* failed to produce a privilege log with sufficient detail. The Court granted that motion and awarded Defendants attorneys' fees. (ECF No. 61). Here, Defendants have failed to produce any privilege log, comprehensive or otherwise.  If Defendants intend to maintain their objections and not produce documents responsive to Request No. 7, they must be compelled to identify each document responsive to the request, identify the basis for the privilege, and provide sufficient information so that the applicability of the claimed privilege can be evaluated.

That being said, Defendants have not merely withheld, as yet, unidentified privileged documents. Defendants also have failed to produce documents the parties agree are not privileged, including communications and memos from Defendants to employees concerning Steadfast pay policies. Steadfast employees have provided Plaintiff with email memos from Defendants that speak to Defendants' pay policies. Yet another employee confirmed receiving a

handbook from Defendants at the start of her employment. Defendants have not provided any of these records. Moreover, they have only provided a sampling of the email memos Defendants sent to nurses on a regular basis. Specifically, Defendants produced self-serving memos from 2018 and after. In other words, they have provided memos regarding Defendants' pay policies from after Plaintiff initiated this litigation. In short, Defendants have failed to provide a single responsive record from 2015, 2016 or 2017, i.e., the period before Defendants had an opportunity to change their communications and practices in response to Plaintiff's litigation.

Defendants cannot simply produce those records that support their defenses. They are obligated to produce "discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Indeed, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc*., 967 F.2d 980, 983 (4th Cir.1992) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Defendants have resisted these discovery obligations throughout this litigation. They should not be permitted to continue do so.

**INSUFFICIENCIES – Defendants Still Have Not Cured Their Deficient Responses to Request for Production Nos. 12 and 13.**

Defendants' argument that documents responsive to Request Nos. 12 and 13 is unsupported. As argued above, Defendants have repeatedly represented to Plaintiff that certain documents did not exist, only for Plaintiff to learn of the existence of such documents later. Unfortunately, Defendants have followed the same pattern with respect to these discovery requests. Contrary to Defendants' assertions in their opposition brief that no documents responsive to Request No. 13 exists, Defendant Pitts testified under oath to the following:

Q:  For the office employees who work at Steadfast, do they have any documents that detail their job duties and responsibilities or their job descriptions anywhere?

A:  Yeah, they do.

Q:  Where?

A:  The W-2s [individuals Steadfast treats as employees] do. Not the nurses in the field.

Q:  Right. Just the W-2 and then the office.

A:  It should be in their files. Christine goes over it with them what they are going to be doing and everything.

Pitts 3-12, 113:2-14; *see also* Exh P: Job Acceptance and Acknowledgement Form. Thus, Defendant Pitts admitted at deposition that documents detailing the job duties of Steadfast employees, including schedulers, are maintained in their personnel files. Defendants' representation that, "[t]here are no documents that describe the job duties of in-house employees," therefore, proved incorrect once again. ECF No. 215, p. 15. It must be noted that Defendants failed to produce a single personnel file for "in-house employees" despite the fact that such files contain the exact records Plaintiff has requested.

As to Request No. 12, Defendants' contention that they have produced all responsive documents is also incorrect.  Defendants contend they produced, "all Independent Contractor Agreements and Applications, a Craigslist advertisement for nurse contractors, Steadfast's independent contractor onboarding packet, and an Excel spreadsheet that identified the 'job titles for each nurse contractor (i.e., CNA, LPN, or RN).'" ECF No. 215, p. 14. However, Defendant Pitts testified at deposition that actual job descriptions existed for Steadfast nurses – job descriptions Defendants still have not provided or even mentioned in their discovery responses.

> We have to -- ***the job descriptions they come from the Board of Nursing. So we go -- we go back and forth there because they change and they are updated***.

Exh. I: Pitts 3-12 Dep. Tran. 155:13-20 (emphasis added).

[W]e rely totally on the Board of Nursing for their job description.

*Id*. at 102:15-17

> I guess to me I rely on the Board of Nursing a lot because, like I said, they hold the job description for every -- the CNAs, LPNs and nurses, they have all the job descriptions. And so I think by us using that, and the nurses are licensed by the Board of Nursing, and the Board of Nursing sets the requirements for them to be a nurse and their job description, and **we follow that. We use that**.

*Id*. at 104:10-18 (emphasis added).

> Their job description comes from the Board of Nursing, you know what I'm saying. So whatever the -- whatever is in their job description, is usually what's in the facilities' requirements. And I know that's crazy, but the Board of Nursing and the facilities kind of is going hand and hand with the requirements. So usually their job description from the Board of Nursing it's already in, you know what I'm saying --

*Id*. at 139:15-24. Despite this sworn testimony by Defendant Pitts, Defendants failed to produce a single job description in response to Request No. 12, which expressly seeks "documents which set forth a job description for all the individuals listed in Schedule A," i.e., Steadfast nurses. Defendants have failed to offer a single justification from withholding these job descriptions from their production. They should be compelled to produce these documents immediately.

### INSUFFICIENCIES - Defendants Still Have Not Cured Their Deficient Response to Request for Production No. 19

Defendants' attempt to change the basis of their good faith defense at this advanced stage of the litigation does not release them from their discovery obligations under Fed. R. Civ. P. 26 and 34.  First, with respect to Attorney Wanda Cooper, Defendants have misconstrued the scope of Request No. 19. The request seeks: "Any and all documents demonstrating steps Defendants took to determine whether their policy relating to compensation of employees, overtime complied with the Fair Labor Standards Act from at least June 10, 2017 through at least September 11, 2019." The dates clearly apply to the "policy relating to compensation" during the relevant time period in *Steadfast II* (June 10, 2017 to September 11, 2019), not to when the advice was provided. If Defendants intend to argue in *Steadfast II* that they violated the FLSA in

14

good faith, based in whole or in part on advice received from Attorney Cooper, Defendants bear the burden of producing all responsive documents. It must be noted that Plaintiff included the same request in his *Steadfast I discovery requests, but limited it to the relevant period in that case (August 18, 2015 to June 9, 2017)*. So Defendants bear the burden of producing responsive documents, either in response to the *Steadfast I* discovery or the *Steadfast II* discovery, if they intend to rely on advice provided by Attorney Cooper. Notably, other than offering an argument regarding timing, which Plaintiff has proven to be invalid, Defendants have failed to offer any excuse or justification for failing to produce any responsive records related to alleged advice received from Attorney Cooper. Defendants should be compelled to produce all responsive documents related to Wanda Cooper.

Second, Defendants attempt to avoid producing documents related to Arlene Klinedinst by suddenly arguing they are no longer relying on advice provided by that attorney when asserting the good faith affirmative defense. There is no question that Defendants have improperly withheld responsive documents from Attorney Klinedinst. Indeed, Defendants failed to properly identify the alleged privileged information in their privileged log. Under Fed. R. Civ. P. 26(b)(5), when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection, the party must (i) expressly make the claim, and (ii) describe the nature of the documents or communications in a manner that will enable the other parties to assess the claim. Here, Defendants failed to provide a privilege log.

More troubling is Defendants' argument that because they have decided not to rely on advice provided by Attorney Klinedinst in arguing they violated the FLSA in good faith, they suddenly have no obligation to comply with Fed. R. Civ. P. 34. Defendants have already waived the privilege – the cat is out of the bag. They have produced parts of two emails and one

memorandum from Attorney Klinedinst. By asserting the good faith defense, and relying on advice of counsel in proving that defense, Defendants have purposefully waived the privilege. In *In re Grand Jury Subpoena*, 341 F.3d 331, 337 (4th Cir. 2003), the Fourth Circuit held that a waiver of the attorney-client privilege occurred where a defendant said "he had acted in a particular way relying on the legal advice of an attorney." *See also United States v. Moazzeni*, 906 F. Supp. 2d 505, 512 (E.D. Va. 2012) ("[Implied] waiver may occur if the client places the attorney-client relationship in issue, for example, by affirmatively invoking a defense of good faith reliance on advice of counsel."). Defendants cannot unwaive the privilege, not when the initial waiver was purposeful – it is far too late. "[W]hen a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter. Selective disclosure for tactical purposes waives the privilege." *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir. 1982). As Defendants have waived the privilege, there is no legitimate basis for withholding these documents. Even if they do not intend to rely on Attorney Klinedinst's advice in support of their good faith defense, these documents are still responsive to other document requests unrelated to that affirmative defense:

> 4. Produce documents demonstrating each all the individuals listed in Exhibit A attached to Plaintiff's Complaint (Docket 2:19-cv-475, ECF 1) exempt or nonexempt classification status (at Defendant) throughout the relevant period.

> 5. All documents that refer or relate to Defendant's decision to classify the individuals listed in Exhibit A attached to Plaintiff's Complaint (Docket 2:19-cv-475, ECF 1) as exempt from overtime and its consideration of whether to classify or reclassify the individuals listed in Exhibit A attached to Plaintiff's Complaint as exempt or nonexempt, including analyses, investigations, and assessments of whether to classify the individuals listed in Exhibit A attached to Plaintiff's Complaint as exempt or nonexempt or whether to consider their classification status. This request applies to documents during and before the relevant period.

> 6. All documents that refer or relate to whether the individuals listed in Exhibit A attached to Plaintiff's Complaint are exempt from entitlement to overtime pay

under federal law, including all communications with Defendant, between Defendant and any other corporation or organization, and between Defendant and any advisor or consultant. This request applies to documents during and before the relevant period.

7. All policy memoranda, notices to employees, memos to employees (as defined herein), handbooks, signed agreements, posted signs or any other documents that set forth Steadfast pay policies concerning, including but not limited to policies concerning compensation and overtime during the relevant time period.

ECF 199-2, Exh. B, Plaintiff's Second Request for Production of Documents. Defendants have an obligation to comply with the Federal Rules of Civil Procedure, even if they have changed their litigation strategy this late in the process. Documents related to advice Attorney Klinedinst provided to Defendants regarding the classification of nurses as independent contractors are responsive to multiple discovery requests. Defendants should be compelled to produce unredacted copies of those documents immediately.

Lastly, Defendants, based on the representations in their opposition brief, appear to be relying solely on advice provided by John Bredehoft in arguing they violated the FLSA in good faith. Defendants, despite the sudden significance of Attorney Bredehoft's alleged advice, have failed to produce a single document reflecting that advice. In fact, Defendants have failed to produce a single record created by Attorney Bredehoft, a single record mentioning Attorney Bredehoft, or a single record sent to or from Attorney Bredehoft. And Defendants have failed to produce such records despite the fact that Attorney Bredehoft represented them in this litigation before Defendants' present attorneys. Exh I.: Pitts 3-1 Dep. Tran, 264:25-265:2. In short, Defendants are relying on advice received by the attorney who represented them in this lawsuit, and failed to produce a single document. Plaintiff has every reason to believe responsive documents exist. And frankly, based on Defendants behavior throughout this litigation, Defendants' representation that no responsive documents exist is unconvincing.

17

**IV.    THE COURT SHOULD STRIKE AND IGNORE DEFENDANTS' UNTIMELY DECLARATION FROM CHRISTINE KIM**

On March 23, 2020, the Court issued an order requiring Defendants to file an opposition to Plaintiff's Motion to Compel by March 25, 2020. ECF No. 212. Defendants filed their opposition brief at 11:14 p.m. on March 25, 2020. However, they submitted a declaration in support of that opposition brief at 12:47 p.m., on March 26, 2020. ECF No. 215. As this exhibit was untimely under ECF No. 212, and further cut into what little time Plaintiff had to respond to their opposition brief, therefore, prejudicing Plaintiff, this declaration should be stricken and ignored by the Court.

The fact that this declaration amounts to an argument that complying with the e-Discovery obligations of this Court is difficult, further warrants disregard of this declaration. Litigation is difficult and costly, the parties agree on this. That, alone, does not excuse a party from complying with its discovery obligations – especially when that party has gross revenue was $2,179,584 in 2016, $5,641,138 in 2017, and $10,316,855 in 2018. Defendants argued difficulty obtaining certain payroll records. Plaintiff obtained those payroll records with a single subpoena from Defendants' own payroll company. These records were clearly in Defendants control at the time they withheld them from discovery and certainly, at the time Defendants submitted this untimely declaration.

This declaration confirms Defendants they have access to relevant communications they have not produced. Nevertheless, Defendants contend obtaining phone, text and email communications from schedulers would be difficult and time consuming. Now that trial has been postponed, the parties have nothing but time. And it is imperative that Defendants comply with their discovery obligations and spend that time gathering and producing this unquestionably relevant information. Defendants' schedulers assign work to Steadfast nurses. They set nurses'

work schedules. They field communications from Steadfast nurses when they are running late for a shift or are unable to work an assigned shift. In other words, schedulers perform the exact work that points to Steadfast's control over its nurses. That control is a primary focus of Defendants' independent contractor affirmative defense. *See Schultz v. Capital Intern Sec, Inc.*, 466 F.3d 298, 304 (4th Cir. 2006); *see also Randolph v. PowerComm Const., Inc*., 309 F.R.D. 349, 357 (D. Md. 2015). Specifically, Defendants contend because they did not exercise control over Steadfast nurses, they were not employees under the FLSA. Allowing Defendants to withhold these records – records that speak directly to the control prong of the economic realities test, i.e., the test employed by the Fourth Circuit to determine if individuals are independent contractors and, therefore, exempt from the requirements of the FLSA, would be unfairly prejudicial. It also would unfairly lessen Defendants' burden of satisfying the economic realities test by a preponderance of the evidence. If Defendants did not have to defend against hundreds, if not thousands of communications from their schedulers – individuals Defendants admit are employees under the FLSA – clearly controlling the work and schedules of Steadfast nurses, the Court would be placing Defendants at an unfair disadvantage.

## V.   <u>CONCLUSION</u>

For the aforementioned reasons, Plaintiff respectfully requests this Court enter an order compelling Defendants to supplement their discovery responses by furnishing full and complete responses to Interrogatory Nos. 2, 3 and 9 and Request for Production Nos. 2, 7, 12, 13, and 19. Plaintiff also requests the Court award attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

Mailing Address:             **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor       Kate S. O'Scannlain
Office of the Regional Solicitor    Solicitor of Labor
201 12th Street South
Suite 401                   Oscar L. Hampton III
Arlington, VA 22202-5450     Regional Solicitor
(202) 693-9393(voice)
(202) 693-9392 (fax)          Samantha N. Thomas
lewis.ryma@dol.gov           Associate Regional Solicitor
jones.chervonti.j@dol.gov
Seifeldein.mohamed.e@dol.gov    */s/* Ryma Lewis
                                 Ryma Lewis (Bar No. 83322)

                                 /s/ Mohamed Seifeldein
March 26, 2020             Mohamed Seifeldein (Bar No. 84424)

                                 /s/ Chervonti Jones
                                 Chervonti Jones
                                 *appearing pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that a correct copy of the foregoing was filed electronically and is available for viewing and downloading via the ECF system for the United States District Court for the Eastern District of Virginia. I further certify that a copy of the same was served on counsel for Defendants as listed below via the ECF system on March 26, 2020:

Joshua J. Jewett, jjewett@piercemccoy.com
Julia A. Rust, julia@piercemccoy.com
Christopher D. Davis, chris@piercemccoy.com
Pierce/McCoy PPLC
101 W. Main St., Suite 101
Norfolk, VA 23510

                                 /s/ Ryma Lewis
                                 Ryma Lewis
                                 Senior Trial Attorney