**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR** ) ) ) ) | | |
| Plaintiff, ) ) | CASE NO. 2:18-CV-226 (LEAD) | |
| V. ) ) | CASE NO. 2:19-CV-475 | |
| **MEDICAL STAFFING OF AMERICA, LLC, D/B/A STEADFAST MEDICAL STAFFING, AND LISA ANN PITTS,** ) ) ) ) | | |
| Defendants. ) ) | | |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADVERSE INFERENCE AGAINST DEFENDANTS' GOOD FAITH AFFIRMATIVE DEFENSE OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL EVIDENCE REGARDING ADVICE RECEIVED FROM ATTORNEY ARLENE KLINEDINST</u>**

Defendants, Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing ("Steadfast"), and Lisa Ann Pitts (collectively, "Defendants"), by counsel, submit the following Opposition to Plaintiff's Motion for Adverse Inference Against Defendants' Good Faith Affirmative Defense Or, In the Alternative, Motion *In Limine* to Exclude Any and All Evidence Regarding Advice Received From Attorney Arlene Klinedinst ("Mot."). ECF No. 208.

The Secretary seeks to impose an extreme sanction against Defendants on the basis that he has not had access to certain privileged communications between Defendants and their former attorney, Arlene Klinedinst. The Secretary has requested the Court impose this sanction by way an adverse inference that Ms. Klinedinst offered advice to Defendants that: (1) they were obligated to pay all the nurses listed in Steadfast I and Steadfast II Schedule As overtime under Section 7 of

the FLSA, and (2) Defendants' classification of nurses listed in the Schedule A attached to the Steadfast I and Steadfast II Complaints as independent contractors was unlawful. Mot. at 2.

Defendants had thoughtfully considered the limited scope of the privilege waiver for purposes of their affirmative defense of good faith under 29 U.S.C. § 260. Defendants should not be penalized for erring on the side of protecting their privileged communications with counsel, rather than irrevocably waiving such communications. Particularly now, where Defendants have opted to omit this evidence from their affirmative defense, the privilege has remained preserved and there is no prejudice to the Secretary or any basis for imposing such a severe sanction, as requested by the Secretary.

The Secretary's Motion should be denied because there is simply no basis for imposing a sanction. "Redacted" evidence does not constitute the spoliation of evidence and the Secretary has not been prejudiced by the protection of Defendants' privileged communications because they are not relevant to the Secretary's claim of misclassification.  More importantly, as Defendants have just omitted Ms. Klinedinst's advice from the basis for his affirmative defense of good faith, any potential prejudice has been eliminated and the Motion *in Limine* in moot.

I.        The Secretary's Motion *In Limine* Should Be Denied As Moot.

The Secretary, in the alternative, seeks the exclusion of evidence regarding any advice Defendants received from attorney Arlene Klinedinst.  ECF No. 209 at 20–21.  The Secretary's Motion should be denied to the extent it seeks such relief.  On March 25, 2020, Defendants' represented via their Memorandum in Opposition to the Secretary's Emergency Motion to Compel and Overrule Objections, that they intended to amend their discovery responses and disclosures omitting Ms. Klinedinst's advice as a basis upon which Defendants rely in support of their affirmative defense of good faith under 29 U.S.C. § 260.  ECF No. 214 at 16; *see* Fed. R. Civ. P.

26(e). Defendants therefore do not intend to introduce the evidence the Secretary seeks to exclude. Accordingly, the Secretary's request for such relief should be denied as moot. *See Goodrich v. Air & Liquid Systems Corporation, et al.*, No. 4:17-CV-9, 2018 WL 10562399, *1 (E.D. Va. Oct. 26, 2018) ("JCI's motion *in limine* to preclude Dr. Rosner from reciting the contents of internal corporate documents that do not qualify as learned treatises is DENIED AS MOOT. At the hearing, counsel for plaintiff advised that Dr. Rosner does not intend to rely on internal corporate documents.").

II. The Secretary's Motion for Adverse Inference Should Be Denied Because (1) There Has Been No Spoliation; (2) There is No Basis for Imposing a Sanction; and (3) Even so, the Sanctions Sought by the Secretary Are Wholly Unwarranted and Unjustified.

A court's authority to impose sanctions for spoliation derives from two sources: (1) Fed. R. Civ. P. 37(e); and (2) its "inherent power to control the judicial process and litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001). The courts power in this regard "is limited to that necessary to redress conduct 'which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Furthermore, any sanction "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Silvestri*, 271 F.3d at 590. For the following reasons, the Court should reject the Secretary's Motion for Adverse Inference.

A. There Has Been No Spoliation.

An adverse inference instruction is an "extreme sanction" a court may impose for spoliation of evidence. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y). "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001) (citation omitted). The logic and rationale underlying this

type of sanction, which is among the harshest a court may impose, is that "where evidence is destroyed, the court should restore the prejudiced party to the same position with respect to its ability to prove its case that it would have held if there had been no spoliation." *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 74 (S.D.N.Y).

The Secretary argues that Defendants spoliated evidence by (1) redacting portions of two email communications between attorney Arlene Klinedinst and her then-client Lisa Pitts on the basis of attorney-client privilege and (2) by preventing Ms. Klinedinst from responding to certain inquiries at her deposition on the same grounds. ECF No. 209 at 16–18. Neither action constitutes spoliation as a matter of law.

The emails at issue have not been "destroyed" or "altered"; they have been redacted. The protected portions have not been "lost" in any sense, as redactions do not alter the content they protect. *See Gambino v. Hershberger*, No. TDC-16-3806, 2017 WL 2493443, at *4 (D. Md. June 8, 2017). There certainly has been no loss in the sense contemplated by the Federal Rules, which require a movant to establish that the evidence sought "cannot be restored or replaced through additional discovery." *Steves and Sons, Inc. v. JELD–WEN, Inc.*, 327 F.R.D. 96, 104 (E.D. Va. 2018). That is not the case here. Indeed, the Secretary filed a motion to compel the disclosure of this redacted information on March 17, 2020, which remains pending. ECF No. 198. His request for the Court to determine that this evidence has been "spoliated" is disingenuous, contrary to fact, and out-of-sequence.

Similarly, Ms. Klinedinst's testimony has not been "spoliated"; it has been protected by the attorney client privilege. The Secretary cannot establish that Ms. Klinedinst's testimony has been "destroyed" or that she was made "unavailable." *Silvestri*, 271 F.3d at 590. Ms. Klinedinst attended her deposition in compliance with the subpoena propounded by the Secretary and defense

counsel proffered the scope of waiver of attorney-client privilege authorized by the Defendants at the beginning of the deposition. ECF No. 206-6 at 4–5. Though the Secretary disputes the scope of the waived privilege,[1] he does not seek to discover the protected testimony via a motion to compel, as he did with respect to the redacted communications between Ms. Pitts and Ms. Klinedinst. The Secretary's failure to move to compel Ms. Klinedinst's testimony is fatal to his claim at this juncture. *See Travelers Property Casualty Company of America v. Mountaineer Gas Company*, No. 2:15-CV-07959, *8 (S.D.W. Va. Mar. 16, 2018) ("The court is suspect of any spoliation motion raised on the eve of trial where the issues raised in the motion were not previously raised in a motion to compel[.]").

    B.    <u>There Is No Basis for Imposing a Sanction</u>.

Even if the Secretary could establish that spoliation has occurred, he cannot establish that a sanction is warranted. A movant seeking sanctions for spoliation must establish each of the following elements:

(1) The party having control over the evidence had an obligation to preserve it when it was destroyed or altered;

(2) The destruction or loss was accompanied by a "culpable state of mind"; and

(3) The evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence.

---

[1] Contrary to the Secretary's position, "[i]mplied waivers are consistently construed narrowly." *Henry v. Quicken Loans, Inc.*, No. 04-40346, 2008 WL 2610180, *3 (E.D. Mich. June 30, 2008). A court "must impose a waiver no broader than needed to insure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). "A broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." *Id.* at 723.

*Thompson v. Clarke*, No. 7:11-CV-00111, 2019 WL 4039634, at *3 (W.D. Va. Aug. 27, 2019) (citation omitted). The Secretary's burden of proof on these issues is judged by "the clear and convincing evidence standard, especially where a relatively harsh sanction like an adverse inference is sought." *Steves and Sons, Inc.*, 327 F.R.D. at 104.

Defendant cannot establish any of these elements, much less by this exacting standard of proof. The evidence sought by the Secretary has not been "destroyed" or "altered" in any fashion. *See* Section I(A), *Supra*. Furthermore, the Secretary cannot establish that Defendants intended to destroy evidence by withholding portions of documents and testimony on the basis of attorney client privilege. Such withholding is in no way similar to the intentional and permanent destruction of tangible evidence to deprive an opponent of its use. *See* Fed. R. Civ. P. 37(e).

Moreover, this evidence is not relevant to the Secretary's claim of misclassification. The evidence sought has no bearing on the degree of control exercised by the putative employer, the permanence of the working relationship, or any other "economic realities" used by courts to determine whether a worker has been properly classified. *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304–05. The Secretary does not state otherwise. He instead takes the position that this evidence is needed to "challenge the scope of advice Attorney Klinedinst provided," which is now a moot point. ECF No. 209 at 8. The Secretary also argues that he "strongly suspects the information Defendants are withholding also supports Plaintiff's willfulness claim against Defendants." *Id.* at 21. Such speculation should be disregarded. In the context of spoliation, "[t]he burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause." *E.I. Du Pont De Nemours and Co. v. Kolon Industries, Inc.*, No. 3:09-CV-58, 2011 WL 1597528, *12 (E.D. Va. Apr. 27, 2011). The Secretary cites no "concrete

evidence" that the evidence sought would favor his position. Indeed, Ms. Klinedinst's communications suggest the exact opposite. To the extent there is disagreement on this point, Defendants intend to submit unredacted copies of the emails in question to the Court for *in camera* review so that the Court may be better suited to evaluate this argument.

      C.     <u>The Sanctions Sought by the Secretary Are Unwarranted and Unjustified</u>.

Even if the Secretary could establish that a sanction is warranted, an adverse inference would be unjustified, unnecessary, and unduly prejudicial. Adverse inferences are among the most draconian sanctions a court may impose. In practice, "an adverse inference instruction often ends litigation-it is too difficult a hurdle for the spoliator to overcome." *Zubulake*, 220 F.R.D. at 219. Accordingly, it "is an extreme sanction and should not be given lightly." *Id.* at 220.

The Secretary asks the Court to impose adverse inferences that Ms. Klinedist advised Defendants that "(1) they were obligated to pay all of the nurses listed in the Steadfast I and II Schedule As overtime under Section 7 of the FLSA, and (2) Defendant's classification of nurses listed in the Schedule A attached to the Steadfast I and II Complaints as independent contractors was unlawful as said nurses were employees covered under the FLSA." ECF No. 209 at 20. These adverse inferences are particularly drastic, as they essentially ask this Court to infer *total liability* against the Defendants. This request lacks both legal and factual support.

At the outset, "[a]lthough courts in this Circuit draw negative inferences for invoking certain privileges in civil cases, *the Fourth Circuit has specifically rejected such inferences due to the invocation of attorney-client privilege*." *Baldassarre v. Norfolk Southern Railway Co.*, No. 2:18-CV-598, 2020 WL 855964, at *4 (E.D. Va. Feb. 19, 2020); *see also Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775 (4th Cir. 1990) ("Any such [adverse] inference would intrude upon the

protected realm of the attorney-client privilege."). The Secretary's request should be denied on this basis alone.

Moreover, given the severity of adverse inference instructions, courts evaluate the following four factors before imposing such a sanction:

(1) Whether the noncomplying party acted in bad faith;

(2) The amount of prejudice his noncompliance caused his adversary;

(3) The need for deterrence of this particular sort of noncompliance; and

(4) The effectiveness of a less drastic sanction.

*Baker v. Curtis W. Key Plumbing Contractors, Inc.*, No. 2:15-CV-565, 2016 WL 11672046, at *4 (E.D. Va. Dec. 8, 2016) (citation omitted).

There is simply no basis for imposing the adverse inferences requested by the Secretary here. No evidence has been destroyed, and that which has been withheld may be sought via a motion to compel, as the Secretary is currently doing with respect to the redacted portions of the emails in question. Additionally, "bad faith" exists where "a party engages in destruction for the purpose of depriving the adversary of evidence." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 803 F. Supp. 2d 469, 497 (E.D. Va. 2011) (citation and alteration omitted). Defendants' invocation of the attorney client privilege with respect to communications from their former attorney is a far cry from such intentional and permanent destruction. Indeed, counsel has found no authority drawing an equivalence.

A party must tread carefully when making a limited scope waiver of the attorney-client privilege, so as to preserve the privilege of communications that are not at-issue. The Defendants made a determination as the scope of the privilege they considered appropriate to waive for purposes of their affirmative defense of good faith. If the waiver was *too* limited, such that it would

not carry enough weight to support the affirmative defense at trial, that is only to the Defendants' disadvantage. However, a litigants' determination to err on the side of protecting privilege, rather than recklessly waiving it, does not constitute "bad faith."

Additionally, the Secretary has suffered no prejudice as a result of Defendants' invocation of this privilege. Defendants' relinquishment of Ms. Klinedinst's advice as a basis for their good faith defense obviates the Secretary's need to refute that advice. Furthermore, as explained above, the Secretary's "suspicion" that the protected information "supports Plaintiff's willfulness claim" is unfounded speculation that is insufficient to establish "relevance" in the context of spoliation. The evidence at issue has no bearing on the legal question of whether Defendants' classification was appropriate, which is the crux of this action.

In sum, the Secretary has suffered no appreciable harm, and an adverse inference would be wholly unwarranted under the circumstances even if the Secretary could make the requisite showings. Such sanctions are typically upheld "where the facts of the case are extreme, such as where the destroyed evidence was the very automobile that was the subject of the products liability action." *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006) (citing *Dillon v. Nissan Motor Co.*, 986 F.2d 263 (8th Cir.1993)). There is no such prejudice here. Moreover, at their core, sanctions are intended to "level the evidentiary playing field." *E.I. du Pont de Nemours and Co.*, 803 F. Supp. 2d at 499. Rather than level the field, the inferences sought by the Secretary would swing it widely in his favor, contrary to the purpose for which such inferences were intended.

Dated: March 27, 2020　　　　　　　　　　Respectfully Submitted,

By: /s/ *Julia A. Rust*
Joshua L. Jewett (VSB No. 76884)
Christopher D. Davis (VSB No. 74809)
Julia A. Rust (VSB No. 87270)
Pierce / McCoy, PLLC
101 West Main Street, Suite 101
Norfolk, VA 23510
Phone: (757) 216-0226
Fax: (757) 257-0387
jjewett@piercemccoy.com
chris@piercemccoy.com
julia@piercemccoy.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of March 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will notify the following counsel of record:

      Ryma Lewis (VSB 83322)
      Chervonti Jones (*pro hac vice*)
      Office of the Regional Solicitor
      U.S. Department of Labor
      201 12th Street South, Suite 401
      Arlington, VA 22202
      Telephone: (202) 693-9369
      Facsimile: (202) 693-9392
      Lewis.Ryma@dol.gov
      Jones. Chervonti.J@dol.gov

      *Counsel for Plaintiff*


      By: /s/ *Julia A. Rust*
      Joshua L. Jewett (VSB No. 76884)
      Christopher D. Davis (VSB No. 74809)
      Julia A. Rust (VSB No. 87270)
      Pierce / McCoy, PLLC
      101 West Main Street, Suite 101
      Norfolk, VA 23510
      Phone: (757) 216-0226
      Fax: (757) 257-0387
      jjewett@piercemccoy.com
      chris@piercemccoy.com
      julia@piercemccoy.com

      *Counsel for Defendants*