UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 2:18cv226 (LEAD) Case No.: 2:19cv475 |
| MEDICAL STAFFING OF AMERICA, LLC, D/B/A STEADFAST MEDICAL STAFFING, AND LISA ANN PITTS | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, brought these consolidated actions against Defendants Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing ("Steadfast") and Lisa Pitts, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that certain of Defendants' health care workers[1] were improperly classified as independent contractors rather than as employees, and therefore were unlawfully denied overtime pay. As an affirmative defense Defendants specifically averred that "[a]ny alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing their acts or omissions did not violate federal law, including but not limited to Defendants' reasonable reliance on advice of counsel." ECF Nos. 8 at 3 and 188

---

[1] The health care workers identified on the Schedule A to each complaint are either certified nurse assistants ("CNAs"), licensed practical nurses ("LPNs"), or registered nurses ("RNs"). These individuals hereinafter will be referred to collectively as either "health care workers" or "nurses."

at 3. In support of that affirmative defense, Defendants proffered that they relied on, *inter alia*, the legal advice of attorney Arlene Klinedinst, and produced certain documents authored by her or her law firm.[2] Defendants also produced her for a deposition, whereat she provided little testimony beyond that reflected in the documents, and refused to answer most questions regarding her work for Defendants upon the objections of both her counsel and Defendants' counsel based on the grounds of attorney-client privilege.[3] Faced with Defendants' refusal, on attorney-client privilege grounds, to produce any more information than the limited information afore-described, Plaintiff filed a "Motion for Adverse Inference Against Defendants' Good Faith Affirmative Defense or, in the Alternative, Motion *In Limine*, to Exclude Any and All Evidence Regarding Advice of Counsel Received from Attorney Arlene Klinedinst" ("the Motion") and a memorandum in support. ECF Nos. 208, 209. Defendants filed a memorandum in opposition, ECF No. 219, and Plaintiff filed a reply, 221. Pursuant to Fed. R. Civ. P. 78(b) and E.D. Va. Local Civil Rule 7(J), the Court decides the Motion without a hearing.

## II. BACKGROUND

Steadfast provides CNAs, LPNs, and RNs to various health care providers with whom it contracts to provide nursing services. Lisa Pitts is the owner of Steadfast. ECF No. 170, attach. 1 at 13. Defendants have classified the health care workers as independent contractors and therefore exempt from the requirement that they be paid overtime at one and one-half times their regular pay rate for hours worked in excess of forty hours per week under the FLSA. In support of their position, Defendants claimed that they relied on the advice of counsel to determine that the health

---

[2] The documents consisted of two redacted emails and one short legal research memorandum.
[3] During the course of the deposition, the parties telephoned the Court over an impasse reached due to Klinedinst's refusal to answer questions based on the attorney-client privilege. Given the scant record presented to the Court over the telephone, the Court refused to order the witness to disclose potential attorney-client communications, but cautioned the parties that there could be potential consequences for failing to disclose relevant information. *See* ECF No. 209, attach. at 108-112.

2

care workers were properly classified as exempt, thereby establishing that their actions were based on good faith, an affirmative defense under the FLSA pursuant to 29 U.S.C. § 260. Defendants also contend that their good faith reliance on the advice of counsel to classify the heath care workers as independent contractors defeats Plaintiff's claim that their actions constituted willfulness under 29 U.S.C. § 255(a) of the FLSA. Although attorney Klinedinst is the subject of Plaintiff's Motion, Defendants apparently are also attempting to rely on the advice of attorneys Wanda Cooper[4] and John Bredehoft,[5] the latter of which represented Defendants earlier in this litigation until he withdrew from representation last year. *See* ECF Nos. 170, attach. 1 at 125-154; 22, 23, 34.

---

[4] The Court granted Plaintiff's motion in limine excluding attorney Cooper as a witness, ECF No. 202, an Order to which Defendant' have objected pursuant to Fed. R. Civ. P. 72. ECF No. 222.

[5] While neither attorneys Cooper nor Bredehoft are the direct subject of this Motion, Defendants identified these three attorneys in their interrogatory answers as persons upon whom they will rely to establish their advice of counsel good faith defense:

> 13. Describe separately and in detail (identifying where applicable, any and all documents used in answering this inquiry or which relate to or provide support for such affirmative defense) each and every factual basis you rely upon in support of any contention and/or statement contained in any of Defendants' affirmative defenses or denials.
>
> \*     \*     \*     \*
>
> AMENDED ANSWER: Subject to and without waiving their objections, Defendants state as follows:
> Affirmative Defense No. 1: "Defendants have acted at all times in good faith, in conformity with, and in reliance upon federal law governing the payment of wages to its employees." Defendants identify the factual basis for this Defense as, among other things, (1) Ms. Pitts' subjective, good faith belief that Defendants' actions complied with all applicable laws and regulations at all relevant times; (2) Defendants' reliance on the advice of attorney Wanda Cooper prior to Steadfast's formation; (3) Defendants' reliance on the advice of attorneys John Bredehoft and Arlene Klinedinst after Steadfast's formation; and (4) Ms. Pitts' independent research efforts.
> Affirmative Defense No. 2: "Any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing their acts or omissions did not violate federal law, including but not limited to Defendants' reasonable reliance on advice of counsel." Defendants identify the factual basis for this Defense as, among other things, (1) Ms. Pitts' subjective, good faith belief that Defendants' actions complied with all applicable laws and regulations at all relevant times; (2) Defendants' reliance on the advice of attorney Wanda Cooper prior to Steadfast's formation; (3) Defendants' reliance on the advice of attorneys John Bredehoft and Arlene Klinedinst after Steadfast's formation; and (4) Ms. Pitts' independent research efforts.

ECF No. 199, attach. 3 at 16-17. The Court has already excluded attorney Cooper as a witness, but to the extent Defendants are promulgating Mr. Bredehoft as an attorney on whose advice they relied, he is relevant to the relief to be ordered by the Court. *See* section III.C., *infra*.

In order to explore Defendants' good faith affirmative defense based on their claim of reliance on advice of counsel, Plaintiff issued interrogatories and sought documents in discovery and the deposition testimony of attorney Arlene Klinedinst. In response thereto Defendants produced three documents authored by Ms. Klinedinst or her law firm, one of which was redacted, and produced her for her deposition.[6] At that deposition, Ms. Klinedinst was constrained from responding to most questions about her advice and the information she obtained from Defendants upon which that advice was based, based on Defendants' assertion of attorney-client privilege. *See* ECF No. 209, attach. 3 *passim*. Defendants asserted, and continue to assert, that attorney-client privilege justifies their position limiting the inquiry into the information and advice received from the attorney as to the subject matter of the communication, i.e. the propriety of Defendants' classification of nurses as independent contractors as opposed to employees.[7] As Defendants argue in their memorandum opposing Plaintiff's motion: "Defendants had thoughtfully considered the limited scope of the privilege waiver for purposes of their affirmative defense of good faith under 29 U.S.C. § 260." ECF No. 219 at 2.

In addition, Defendants wholly have refused to disclose any information regarding their communications to the attorney on which the advice was based:

> THE COURT: And have you provided or allowed the witness to testify as to what specific information was provided to her before she responded with that e-mail?

---

[6] As additional evidence in support of their advice of counsel good faith affirmative defense, Defendants produced Ms. Cooper for deposition and Defendant Pitts herself testified as to the advice she purportedly received from the attorneys.

[7] Defendant's attorney described the subject of the communications as follows:
> THE COURT: All right. And you're the one who is asserting -- well, I guess both of you and Mr. Dozier are asserting attorney-client privilege. So you're not waiving -- you're not waiving the attorney-client privilege, but you want to assert the advice of counsel defense. So where are you drawing the line in terms of the extent to which you will waive the attorney-client privilege?
> MR. SIEGRIST: Well, the waiver we have contemplated, Your Honor, based on the law is that it concerns -- because of -- because of the broad scope of Vandeventer's representation there is advice that doesn't concern, you know, whether the classification was proper, or had been done properly.

ECF No. 209, attach. 3 at 105.

4

> MR. SIEGRIST: No, Your Honor. We have not gone into that. We have not waived privilege on that.
> THE COURT: You have not waived privilege on what information was provided to the attorney so that the attorney could give you the advice that you say helps your case?
> MR. SIEGRIST: That's correct, Your Honor. We have not waived privilege on information disclosed or the -- we have not -- it's -- we have not waive [sic] privilege about communications between Mrs. Klinedinst and our client about, you know, what exactly they talked about. We haven't waived privilege on that, no.

ECF No. 209, attach. 3 at 108-109. Complaining that Defendants' assertion of the attorney-client privilege was improper and wrongfully frustrated their efforts to discover the facts supporting Defendants' advice of counsel good faith affirmative defense, Plaintiff filed the instant Motion seeking as a sanction an Order from the Court drawing an adverse inference against Defendants' regarding their good faith affirmative defense. Specifically, the relief sought would have the Court

> apply an inference against Defendants that Attorney Klinedinst offered advice to Defendants that (1) they were obligated to pay all of the nurses listed in the Steadfast I and II Schedule As overtime under Section 7 of the FLSA, and (2) Defendant's classification of nurses listed in the Schedule A attached to the Steadfast I and II Complaints as independent contractors was unlawful as said nurses were employees covered under the FLSA.

ECF No. 208 at 2. In the alternative, Plaintiff requests the Court preclude Defendants from offering into evidence at trial any evidence from attorney Klinedinst concerning any advice or communication Defendants received from her.

In response, Defendants advised they were withdrawing Ms. Klinedinst as a witness and would not offer any exhibits or testimony from her regarding advice she provided Defendants, and argued therefore that Plaintiff's Motion was moot. Additionally, Defendants contend that sanctions are an inappropriate remedy, as there has been no spoliation of evidence, no basis exists for awarding sanctions, and sanctions are unwarranted for Defendants' legitimate assertion of the attorney-client privilege. Plaintiff filed a reply disputing that the Motion is moot, since attorney Klinedinst's evidence was still relevant to the issue of willfulness. Moreover, having secured the

alternative relief sought through Defendants' agreement—the preclusion of attorney Klinedinst as a witness—Plaintiff argues that an adverse inference is the appropriate remedy for Defendants' conduct in asserting a privilege that has been waived.

### III. ANALYSIS

A. Attorney-Client Privilege Principles

The attorney-client privilege applies to communications and advice given by a lawyer to the client, and to the information given by the client to the lawyer upon which the advice is based. *Upjohn v. United States*, 449 U.S. 383, 390 (1981). As the Supreme Court noted, "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Id.* at 390. Whether communications between lawyer and client qualify as protected by the privilege are measured by the "classic test" noted by the Fourth Circuit:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (citation omitted). The burden is on the party asserting the privilege to prove that the privilege applies. *Id.*; *Hawkins v. Stables*, 148 F.3d 379, 393 (4th Cir. 1998). Because imposition of the attorney-client privilege impedes discovery of the truth, it is to be narrowly construed. *Hawkins*, 148 F.3d at 383.

Since the privilege is meant to protect "full and frank" communication between lawyer and client, it serves the laudable purpose of permitting the lawyer to carry out his or her "professional

6

mission" by knowing "all that related to the client's reasons for seeking representation." *Id.* at 382-3; *see also Upjohn*, 449 U.S. at 389 (finding that protecting such communications "promote[s] broader public interests in the observance of law and administration of justice"). Consequently, however, when that communication is disclosed to a third party outside the attorney-client relationship, the privilege is waived. *Jones*, 696 F.2d at 1072. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed and information revealed, but also waives the privilege as to the subject matter of the disclosure and all other communications relating to the same subject matter. *Hawkins*, 148 F.3d at 384, n.4; *Sheet Metal Workers Int'l Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994); *In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988); *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir.1984); *In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir.1984); *Jones*, 696 F.2d at 1072. "Selective disclosure for tactical purposes waives the privilege." *Jones*, 696 F.2d at 1072. In addition to bearing the burden of proving that the attorney-client privilege applies, the proponent of the privilege also bears the burden to prove that it has not been waived. *Jones*, 696 F.2d at 1072.

"A client can waive an attorney-client privilege expressly or through his own conduct." *Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286, 293–94 (4th Cir. 2004). Such a waiver of the privilege is absolute – in other words, "any disclosure of a confidential communication outside a privileged relationship will waive the privilege as to all information related to the same subject matter." *In re Martin Marietta Corp.*, 856 F.2d at 623. Under these circumstances, a client cannot assert a limited waiver of the privilege with respect to the subject matter disclosed. *Id.* This is so because, as the Fourth Circuit has noted: "The assertion of a claim

7

of privilege for information turned over to the other side in each instance, civil and criminal, knowing of its damning effect, is simply straining too far." *Sheet Metal Workers*, 29 F.3d at 125.

In addition to waiving the privilege by a voluntary disclosure of confidential communications, a client can also implicitly waive the privilege by injecting it into the case through its affirmative defenses. For instance, the Third Circuit has held "[t]he attorney-client privilege may be waived by a client who asserts reliance on the advice of counsel as an affirmative defense. (citation omitted). Under such circumstances, the client has made a conscious decision to inject the advice of counsel as an issue in the litigation." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995). Although the Fourth Circuit has not specifically addressed this proposition,[8] the Third Circuit's reasoning is persuasive.

> There is an inherent risk in permitting the party asserting a defense of its reliance on advice of counsel to define the parameters of the waiver of the attorney-client privilege as to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here—fairness.
> 
> The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the client to counsel and vice-versa regarding that advice—whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client.

*Id.* In addition, other Circuit Courts have followed this reasoning. *See Dallman*, 2020 WL 239589, at *6, n.8 (citing *United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) ("Reliance on advice-of-counsel is an affirmative defense" that "waive[s] the [attorney-client] privilege") and *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("the attorney-client privilege cannot at

---

[8] "Whether assertion of the advice-of-counsel defense constitutes a waiver of the attorney-client privilege is also a matter of first impression within the Fourth Circuit." *United States v. Dallmann*, No. 19-CR-253, 2020 WL 239589, at *6 (E.D. Va. Jan. 15, 2020).

once be used as a shield and a sword...the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"); in addition to *Glenmede Trust Co., supra*).

B.  The Attorney-Client Privilege has Been Expressly and Impliedly Waived

In examining the circumstances presented here, Defendants deliberately injected the advice of counsel into the litigation by asserting the affirmative defense that their classification of nurses as independent contractors was made in good faith based on the advice of their counsel, including Ms. Klinedinst. By asserting that defense, Defendants impliedly waived the attorney-client privilege with respect to the advice they received from their attorney and the information provided to the attorney upon which that advice was based. Had Defendants merely asserted the defense, Plaintiff would have been entitled to explore "the information defendant[s] submitted to the attorney on which the attorney's advice is based, the attorney's advice relied on by the defendant[s], and any information that would undermine the defense." *Dallmann*, 2020 WL 239589, at *6.

However, Defendants also expressly waived the privilege when they produced documents in discovery from attorney Klinedinst and proffered her for deposition. At that point, based on both implied and express waiver, the attorney-client privilege was waived as to all other communications relating to the same subject matter. *Jones*, 696 F.2d at 1072; *Hawkins*, 148 F.3d at 384, n.4. Since Defendants have sought to rely on the advice of attorneys Cooper and Bredehoft in addition to Klinedinst regarding the propriety of their classification of nurses as independent contractors, their waiver of the privilege applies to communications with those attorneys as well, since it involves the same subject matter. *Id.* The Fourth Circuit having held that "[s]elective disclosure for tactical purposes waives the privilege," Defendants selective disclosure of only some

9

of Ms. Klinedinst's documents, little of her testimony, little if any of the communications between Defendants and attorneys Cooper and Bredehoft, and apparently none of the information which Defendants provided to the attorneys upon which their advice was based, means that Defendants' privilege claim is waived *in toto* regarding this subject matter. *Jones*, 696 F.2d at 1072. As plaintiff notes, once a privilege is waived under these circumstances, it is waived for good. *CP Kelco U.S., Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003) ("The privilege once waived cannot be regained.") (citation omitted)).

C.   Plaintiff's Remedy

As a remedy, Plaintiff initially sought to have the Court issue one of two alternative forms of relief: either 1) make certain adverse inference findings that attorney Klinedinst offered advice to Defendants that they were obligated to pay the nurses overtime, that their classification as independent contractors was unlawful, and that the nurses were covered under the FLSA; or 2) preclude Defendants from offering at trial any evidence from attorney Klinedinst concerning any advice or communication Defendants received from her. Plaintiff does not seek these remedies pursuant to Fed. R. Civ. P. 37 or any other specific rule of procedure, but instead under the Court's inherent authority. *See* ECF No. 221 at 2-4. After Defendants agreed in their response memorandum that they would basically accede to Plaintiff's second alternate request for relief by withdrawing Ms. Klinedinst as a witness, Plaintiff replied that the adverse inference finding was the proper remedy in order to sanction Defendants "for their conduct with regard to attorney Klinedinst, i.e., withholding documents and precluding her from testifying based on a privilege that had been knowingly waived." *Id.* at 1-2. Plaintiff then discussed the Court's authority to make adverse inference findings as a sanction against a "misbehaving litigant[]" in order to

"impose order, respect, decorum, silence, and compliance with lawful mandates" and preserve "the integrity and public repute of the Court and the bar." *Id.* at 2-4.

Plaintiff's request for relief of an adverse inference finding as a sanction for a failed assertion of attorney-client privilege, and his articulated basis for making his request, are incongruent with both the offense alleged and the posture of the case. The offense about which Plaintiff complains is Defendants' improper assertion and maintenance of an attorney-client privilege claim, which the Court has found cannot be sustained because it has been waived. At this juncture this is not "misbehavior" or in any other fashion sanctionable misconduct that threatens "the integrity and public repute of the Court and the bar." Defendants asserted a privilege, the Court overruled it. Defendants did not violate any previous court order, but merely stood on an assertion which this Court has now found to have been misplaced. While Plaintiff very thoroughly cited many cases supporting the principle that an assertion of attorney-client privilege was invalid because it had been waived under these circumstances, none of those cases stood for the proposition that the party unsuccessfully asserting the privilege had committed misconduct by asserting the privilege and therefore should be sanctioned.[9] None of the parties in those cases was sanctioned for misconduct. Instead, the remedy was generally that the unsuccessful party was required to disclose that which it sought to protect from disclosure.

Consequently, the Court will use its authority under Federal Rule of Civil Procedure 26(e)(1)(B) to order supplemental discovery disclosures and responses in accordance with this opinion. *See* Fed. R. Civ. P. 26(e)(1)(B) ("A party who has made a disclosure under Rule 26(a)—

---

[9] Not content to argue that Defendants' claim of attorney-client privilege was improper and therefore should be overruled, as happened in all of the cases cited by Plaintiff, Plaintiff's counsel went further and, with a degree of stridency the Court finds unprofessional and uncivil, spent almost a full page of the Reply brief accusing the Defendants of bad faith and acting "vexatiously, wantonly, or for oppressive reasons." ECF No. 221 at 10. Under the circumstances presented here, such intemperate remarks by attorneys representing the United States government have no place in pleadings before the Court.

or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response[]...as ordered by the Court."); *see also Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."). Because the attorney-client privilege has been expressly and impliedly waived, Defendants will be ordered to disclose all communications between them and any of their attorneys regarding the subject matter at issue here, i.e. the decision to classify the nurses as independent contractors and the propriety of that decision. This will include all communications and advice from attorneys Cooper, Klinedinst and Bredehoft on this subject, and all communications and information provided to the attorneys by Defendants upon which the attorneys based their advice.

Defendants contend that, because they have withdrawn attorney Klinedinst as a witness, Plaintiff has received the alternate relief sought and the Court should deny the Motion as moot. However, the Motion is not moot. First, as Plaintiff points out, Ms. Klinedinst's evidence may very well be relevant to the issue of willfulness in the case. Information provided to her by Defendants and her advice to them based on that information may very well establish or refute this issue. *Dallmann*, 2020 WL 239589, at *7 ("[A]ssertion of the advice-of-counsel defense waives the attorney-client privilege to a limited extent, namely with respect to (i) communications or evidence that the defendant intends to introduce at trial to establish the defense and (ii) **communications or evidence that would undermine the defendant's advice-of-counsel defense.**" (emphasis added)). Second, the attorney-client privilege cannot be "unwaived," and having already disclosed some information on this subject matter, Defendants are obligated to produce all of it. *Hawkins*, 148 F.3d at 384 n.4. Hence, just because they withdrew attorney

12

Klinedinst as a witness, they still must disclose all relevant information. *See CP Kelco U.S., Inc.*, 213 F.R.D. at 178 ("Documents do not become irrelevant for all purposes simply because one of the issues to which they pertain is no longer in contention.").

Finally, Plaintiff's request for an adverse inference finding as a sanction is also incongruent with respect to the posture of this case. Failure to obey a Court Order may warrant the kind of sanction the Plaintiff seeks here, but at this stage of the proceedings Defendants have not committed the type of sanctionable misconduct warranting the severe remedy of an adverse inference finding. Defendants pursued a privilege claim that the Court found to have been waived. Having been overruled on their objection to the request for such attorney-client communications, Defendants now have an opportunity to comply with their discovery obligations by producing the required information. Should they fail to do so, then under Fed. R. Civ. P. 37(b)(2) the Court can consider remedies in the nature of those requested now by Plaintiff.

## IV. CONCLUSION

Plaintiff's Motion, ECF No. 208, is **GRANTED in part**, and Defendants are **ORDERED** to disclose, within fourteen days of the date of this Order, all communications between them and attorneys Cooper, Klinedinst and Bredehoft regarding the subject matter at issue here, i.e. the decision to classify the nurses as independent contractors and the propriety of that decision. This must include all communications and advice from the attorneys on this subject, and all communications and information provided to the attorneys by Defendants upon which the attorneys based their advice.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 8, 2020