IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br>     Plaintiff, <br><br> v. <br><br> MEDICAL STAFFING OF AMERICA, LLC, D/B/A STEADFAST MEDICAL STAFFING, <br><br> & <br><br> LISA PITTS, <br><br>     Defendants. | Case No. 2:18-cv-226 <br><br> Case No. 2:19-cv-475 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION FOR ENTRY OF UPDATED ORDER"**

NOW COME Defendants Medical Staffing of America, d/b/a Steadfast Medical Staffing ("Steadfast") and Lisa Pitts (together, "Defendants"), by counsel, and submit this opposition to the Department of Labor's July 14, 2022 "Motion for Entry of Updated Order."

This latest motion from the Department of Labor ("DOL") should be denied, for at least three reasons. First, the Fourth Circuit has, for the time being, taken primary jurisdiction over this case by issuing a briefing schedule for Defendants' appeal of this Court's liability findings under the Fair Labor Standards Act ("FLSA"). Under the briefing schedule negotiated by DOL's appellate counsel and Defendants, the joint appendix and Defendants' opening brief are due on August 17, with DOL's response brief anticipated to follow in mid-October. As this Court has already noted, considerations of judicial economy in this context suggest it is best to avoid

1

substantive engagement by two different courts in relation to the same case at the same time.

Second, DOL ignores the fact that the Court already has on its docket a March 2022 motion, fully-briefed by both Defendants *and DOL*, showing that DOL's backpay computation table, entered at trial as Plaintiff's Exhibit 21 ("PX-21"), is full of unexplained and prejudicial data entry errors. These documented errors include but are not limited to dozens of instances in which DOL sought "backpay" for Steadfast's W-2 employees who (per Steadfast's payroll records) were already paid statutory overtime at 1.5x their regular rate, and thousands of instances in which DOL doubled or otherwise apparently arbitrarily increased the number of hours shown on Steadfast's payroll records for individual nurses in individual pay periods. These errors have resulted in an inaccurate, substantially inflated overstatement of the backpay Steadfast allegedly owes. Steadfast brought these issues to DOL's attention on March 6 – almost five months ago – and suggested that the parties cooperate on reviewing PX-21, identifying and correcting the data entry errors, and arriving at an accurate backpay number. DOL refused to engage with Defendants, and instead forced Steadfast to file a prophylactic notice of appeal. It makes little sense for DOL to now complain about supposed delay in arriving at an accurate, final backpay computation.

Third, DOL has not cited any authority to support its unusual request to have the Court "update" what DOL has been insisting for months is a final order that cannot be changed or modified under any of the normal post-trial rules that govern such relief. In response to Defendants' motion to correct PX-21, DOL insisted that none of the typical post-trial rules – Rule 52, Rule 54, and Rule 60 – were appropriate mechanisms for allowing correction of the thousands of demonstrated data entry errors in DOL's PX-21 backpay computation table. Steadfast maintains that DOL's position with respect to these rules is likely incorrect, but either way, DOL's latest motion offers no basis for believing that this Court's "inherent authority" is an appropriate

mechanism for sidestepping the framework created by these rules. For these reasons, DOL's motion should be either stricken, or denied.

## PROCEDURAL BACKGROUND

The Court issued a memorandum opinion on January 14, 2022, setting forth findings of fact and conclusions of law, and concluding that Steadfast had misclassified certain of its team members in violation of the FLSA. ECF 324. The Court's opinion ordered the parties to cooperate in exchanging additional information, so that DOL could present an updated, final computation of the backpay allegedly owed. *Id.* As Steadfast has already explained, during the 60-day period in which this process was to take place, certain DOL testimony presented for the first time at trial, and adopted in the Court's January 14 memorandum opinion, led Steadfast to engage in further sampling review of PX-21. ECF 331-1 at 6-7; ECF 337 at 9-11. This sampling review revealed a disturbingly high percentage of data entry errors that had the net effect of exposing Steadfast to an alleged backpay obligation in relation to dozens of W-2 employees who had already been paid statutory overtime, and thousands of phantom "overtime" hours that were never worked at all. ECF 331-1 at 12-14; ECF 337 at 4-7.

Upon understanding the scope of these errors, Steadfast sent DOL a letter onMarch 6, alerting it to the existence, extent, and financial impact of the PX-21 data entry hours. Steadfast suggested that the parties cooperate to obtain a modest extension in order to sort out and correct any errors present in PX-21, and arrive at an accurate final computation of the backpay allegedly owed. ECF 331-2. DOL declined this request, and refused to respond to multiple follow-up inquiries from Steadfast. ECF 331-6. Then, on March 11, without alerting the Court to any of these issues, DOL submitted a "Notice of Filing Updated Back Wage Computations" that adopted in full the alleged "backpay" figures reflected in PX-21, despite DOL's knowledge that the accuracy

3

of those figures may be substantially compromised due to the errors identified and documented by Steadfast. ECF 329 & 329-1.

Disappointed about DOL's lack of willingness to engage on these crucial issues, Steadfast filed a motion on March 13, seeking relief in connection with PX-21, and outlining Steadfast's opposition to DOL's March 11 "Updated Back Wage Computations." ECF 331-1. DOL filed an opposition brief on March 28, in which it neither acknowledged nor denied the extensive PX-21 errors identified via Steadfast's sampling, and instead suggested that no matter how many errors there were, and no matter how great their financial impact, the Court had no power under Rules 52, 54, or 60 to order correction of PX-21. ECF 335 at 5-19. Steadfast filed a reply in support of its motion on April 4, ECF 337, and on April 8, the Court via docket entry issued an order deferring action on Steadfast's March 13 motion (noting that Steadfast had sought to protect its appellate rights in relation to the Court's January 14 memorandum opinion by filing a Notice of Appeal on March 14, and finding it would be in the interest of judicial economy to defer addressing Steadfast's motion under the Fourth Circuit responded to the Notice of Appeal). ECF 340.

On April 12, pursuant to Local Civil Rule 7(E), Steadfast acknowledged the Court's April 8 order deferring action, but to avoid any potential waiver, formally asked for a hearing on its fully-briefed March 13 motion. ECF 342. On April 20, DOL filed an objection to Steadfast's request for a hearing, and essentially repeated the same position it had taken in its March 28 opposition brief. ECF 343.

While these events were taking place in this Court, there has also been parallel activity in the Court of Appeals. Steadfast filed an appellate docketing statement on March 30, and it included a brief explanation to the Fourth Circuit of the pending backpay motion below, while noting that it had been obliged to file a prophylactic notice of appeal (as permitted under Appellate Rule

4

4(a)(2)). 4th Cir. ECF Doc. 9-1. Since that time, DOL has never suggested (to this Court or the Court of Appeals) that the appeal should not move forward.

The Fourth Circuit issued an initial briefing order on June 7, CA4 Dkt. No. 22-1290, ECF 14, but DOL (through its appellate counsel) reached out later in the month, suggesting that the parties consider a coordinated request to revise the briefing schedule in light of anticipated attorney leave and similar issues. Steadfast concurred, and with both parties in agreement, the Fourth Circuit issued a revised briefing order on July 7, setting a deadline of August 17 for the appendix and Steadfast's opening brief, and a deadline of October 17 for the DOL's response brief. CA4 Dkt. No. 22-1290, ECF 15.

## ARGUMENT

DOL's motion is perplexing. It offers no new information beyond what is already before the Court, thus serves as little more than an unauthorized attempt at a sur-reply that seeks the last word on the backpay computation issue, while ignoring entirely Steadfast's March 13 motion that has been fully briefed by both parties. DOL makes no effort to harmonize its motion with its earlier procedural arguments opposing Steadfast's motion.DOL additionally fails to make a convincing case for its unusual request to have this Court substantively "update" an existing order at a time when a notice of appeal has been filed, and active briefing is underway in the Court of Appeals. DOL's motion should be denied.

**I.    This Court has already noted that judicial economy counsels against simultaneous activity by the District Court and the Court of Appeals.**

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Price v. Dunn*, 139 S. Ct. 1533, 1537 (2019). This Court presumably had this principle in mind when it deferred, action on Steadfast's March 13 backpay

5

computation motion "until the Fourth Circuit responds to [Steadfast's March 14] Notice of Appeal." ECF 340. Since that time, the Fourth Circuit has acted, ordering an initial appellate mediation, 4th Cir. ECF Doc. 12, and then establishing and (at the parties' joint request) revising a briefing schedule. 4th Cir. ECF Doc. 14 & Doc. 15.

Against this backdrop, DOL appears to be trying to ask this Court (under the guise of requesting an "updated" order) to correct what DOL perceives to be an omission or oversight in the Court's January 14 order. Under Rule 60(a), a correction of this sort would require leave of the appellate court, because (at present) an appeal "has been docketed" and "is pending" in the Fourth Circuit. And apart from Rule 60(a)'s "appellate leave" requirement, the jurisdictional rule noted in *Price* and quoted above would create its own concern, depending upon whether addressing the backpay computation is considered "an aspect of the case involved in the appeal."

Of course, this was not the case when Steadfast initially suggested to DOL on March 6 that the parties work cooperatively to identify and correct material data entry errors in PX-21, or when Steadfast filed its March 13 motion. Whether it remains the case will presumably depend in part on the Fourth Circuit's ultimate assessment of appellate jurisdiction. But at present, this Court's April 8 docket entry has even greater force, where several months have passed, the appendix and opening Fourth Circuit brief are due in less than three weeks, and any substantive action by this Court in relation to its January 14 order would likely raise ambiguous and perhaps complex jurisdictional and procedural questions, potentially requiring supplemental briefing and expenditure of judicial resources (by both this Court and the Fourth Circuit).

**II.     It would be improper and unfair to "update" the Court's January 14 order without first holding a hearing on and resolving Steadfast's fully-briefed March 13 motion.**

There is no need to repeat the substance of the parties' exhaustive briefing on Steadfast's March 13 motionhere, but several points bear emphasis.

6

First, although DOL's July 14 motion does not mention or acknowledge Steadfast's March 13 motion, ignoring it does not make it go away. That motion, with its 65 pages of briefing backed by substantial exhibits, would have to be resolved as part of any action by this Court to arrive at an accurate final backpay figure. Resolving this motion requires far more substantive engagement by this Court than merely "updating" an earlier order, at a time when the Fourth Circuit has already taken primary jurisdiction over the case.

In addition, DOL's continued refusal to acknowledge the financial impact of the data entry errors in PX-21 is troubling. At this point, DOL has had more than four months to review the evidence supporting Steadfast's determination that PX-21 is grievously flawed. The sampling that had been done as of March and April suggested the possibility that these errors alone might have improperly inflated the PX-21 backpay computation by more than 50%.

As Steadfast has pointed out today in a letter to DOL's trial counsel (attached hereto as **Exhibit 1**), DOL's refusal to take any action or to constructively engage back in March forced Steadfast to spend substantial time and money in reviewing the bulk of the remaining entries in PX-21. As things now stand, that review has revealed literally *thousands* of PX-21 entries in which DOL took the hours worked as shown in Steadfast's payroll records for specific team members in specific pay periods, and inexplicably doubled or otherwise increased those hours when entering data in the corresponding row under the "Total Hours" column of PX-21. These errors alone appear to account for well over $1 million in alleged "backpay" DOL is seeking to collect from Steadfast, *for phantom hours that were never worked at all*. As noted in Exhibit 1, this same pattern of repeated and unexplained data entry errors is also present in DOL's March 11 "Updated Back Wage Computations", ECF 329-1, which were filed by DOL *after* the March 6 letter in which Steadfast alerted DOL to the troubling pattern of doubled or inflated hours in PX-21.

DOL knows or should know all of this, and yet it persists in asking this Court to rubber stamp its error-filled backpay computation tables, and impose an unjust and inflated "backpay" award. It is wrong for DOL knowingly to invoke this Court's "inherent power" to achieve "fair administration of justice" (ECF 347 at 3) as a means of imposing millions of dollars in backpay and potential liquidated damages that do not correlate to hours actually worked by Steadfast's nursing team members. And as noted in Steadfast's April 8 reply brief, although the net effect of DOL's unexplained pattern of errors is a substantial overstatement of the backpay allegedly owed, Steadfast has also candidly highlighted those instances in which DOL's data entry errors resulted in an *understatement* of the backpay that would be owed to a Steadfast team member for a particular pay period. Steadfast, in short, has sought since March to have DOL constructively engage on these issues, and arrive at an accurate computation of the backpay allegedly owed. DOL has chosen not to do so, and it is not appropriate for DOL to now ignore the importance of accuracy, in favor of urging the Court invoke its "inherent power" and enter a backpay award in an amount that DOL knows or should know is substantially inflated and materially incorrect.

**III.     The Court's inherent power is not a proper basis for giving DOL the relief it seeks.**

DOL's July 14 motion never explains why a new motion is even necessary, given that there is already a fully-briefed motion from March and April relating to the same general subject matter (DOL's backpay computation). One reason for DOL's silence may be that it has created a bind for itself by taking positions that – if not directly contradictory – are at least in tension. DOL's March 28 opposition brief insisted that the Court's January 14 order was a final order of the sort that could not properly be revisited or revised under Rule 54(b), Rule 52(b), or Rule 60(a)-(b). ECF 335 at 8-19. This position forced Steadfast to protect its appellate rights by continuing to move forward with the appeal process. DOL never suggested to the Fourth Circuit that the appeal should not

move forward, and beginning with Steadfast's March 6 letter, DOL declined multiple invitations from Steadfast to cooperate on a timetable that would allow proper review of DOL's backpay computation tables, correction of any data entry errors, and accurate calculation of the backpay allegedly owed to each individual Steadfast team member for each affected pay period.

Fast-forward to DOL's July 14 motion, and DOL's position is now that the Court's January 14 order is somehow final, yet also in need of "updating" in the form of incorporating backpay figures drawn from multiple DOL backpay computation tables (PX-21 for the period up to June 20, 2021, and DOL's March 11 247-page "Exhibit A" table for the period from June 20, 2021 through January 28, 2022). "Updating" of this sort, in relation to what is supposedly a final order, is not a specific form of relief recognized under any of the pertinent post-trial rules. This "updating" sought by DOL would of necessity involve not only assessment of the issues raised by Steadfast's March 13 motion, but also evaluation of any issue arising from DOL's March 11 "Exhibit A" computation table (where 10% sampling has revealed a pattern of unexplained data entry errors in which the hours worked by specific nurses for specific pay periods, as show in Steadfast's payroll records, materially differ from the corresponding hours entered by DOL in its March 11 Exhibit A). *See* **Exhibit 1**.

This course of action is not appropriate here, for two reasons. First, DOL's motion has not invoked any of these rules – and they are bound by their omission. "[C]ourts typically will not consider an argument omitted from the moving litigant's brief as the 'opposing party is prejudiced in its ability to respond.'" *Castillo-Gomez v. Convenience Car Care Ctr., Inc.*, No. 1:14CV651 JCC/TCB, 2014 WL 3544839, at *2 (E.D. Va. July 17, 2014) (quoting *Touchcom, Inc. v. Bereskin & Parr*, 790 F.Supp.2d 435, 446 (E.D. Va. 2011) (citation omitted)). "[I]t is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." *Zinner v.*

*Olenych*, 108 F. Supp. 3d 369, 398 (E.D. Va. 2015) (quoting *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013)).

Second, the backdrop against which these rules operate is not typically one in which the Court of Appeals has taken jurisdiction over the case, ordered a mediation, established and then revised a briefing schedule, and ultimately set an appendix and opening brief filing deadline that is merely weeks away. Rule 60(a), in particular, specifically requires leave of the appellate court to revisit a trial court order in these circumstances, and the other rules similarly cannot be presumed at this juncture to authorize substantive District Court action in a matter being actively briefed in Court of Appeals.

As to "inherent power," it is meant to be used sparingly, primarily in connection with issues that are administrative in nature, not substantive. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."); *Ballard v. Combis*, 759 Fed.Appx. 152, 159-60 (4th Cir. Jan. 8, 2019) (quoting *Chambers*, and emphasizing need for restraint and discretion in exercise of inherent powers). In addition, as DOL acknowledges, the exercise of inherent power must be "reasonable," and "cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute." ECF 347 at 3 (citing *Degen v. United States*, 517 U.S. 820, 824 (1996)). Given these principles, it is not appropriate for DOL to invoke some generalized assertion of "inherent power" as a means of asking this Court to ignore the framework that governs requests for post-trial relief under the pertinent rules of civil procedure (e.g. Rule 52, Rule 54, and Rule 60). *Cf. Carlisle v. United States*, 517 U.S. 416, 426 (1996) ("Whatever the scope of this 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure").

The handful of Supreme Court cases cited by DOL do not involve circumstances or relief even remotely comparable to what DOL is requesting here. They instead relate primarily to issues such as removing dormant cases from a court's docket, or the power "to impose silence, respect, and decorum" in connection with court proceedings. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (removal of dormant cases); *Chambers v. NASCO*, 501 U.S. 32, 55 (1991) (imposing silence, respect, and decorum). Indeed, amongst the cases cited by DOL, the most significant potential exercise "inherent power" was in *Degen*, but in that case, the Supreme Court emphasized the "danger of overreaching" when invoking inherent powers, and actually *rejected* the government's assertion that a district court had inherent power to strike the filings of a claimant in a forfeiture suit as a sanction for failing to appear in a related criminal prosecution. *See Degen*, 517 U.S. at 823-25.

DOL's remaining arguments likewise lack merit. Notwithstanding the ongoing litigation, and as noted in Steadfast's Exhibit 1 letter to DOL, Steadfast has been paying all of its nursing team members their statutory overtime since February 8, in compliance with the Court's January 14 memorandum opinion and order. As to potential calculation of post-judgment interest, nothing DOL says on this issue engages with or rebuts the arguments outlined in Sections I-III herein, and calculation of interest in relation to any final backpay award is likely to be a straightforward process in any event. As to the issue of bond, DOL's cursory references to the bond procedure do not acknowledge or engage with the actual procedural or jurisdictional posture of this case, and DOL does not present meaningful procedural or substantive argument in relation to the framework under which appellate bond requests are analyzed. And finally, nothing DOL says changes the fact that any final backpay computation must of necessity involve resolution of Steadfast's March 13 motion calling for correction of demonstrated errors in DOL's backpay computation tables, and

should be driven primarily by an overriding concern with arriving at a fair and accurate calculation of alleged backpay in relation to each affected Steadfast team member.

Today, DOL) filed yet another District Court motion, this time asking (for the first time) that Steadfast be required to post a bond. Steadfast will review and respond to this latest motion in due course (while also complying with the Fourth Circuit's briefing order under which the appendix and opening brief are due to be filed on August 17). But for present purposes, the bottom line is that DOL's "Motion for Entry of Updated Order" is fundamentally flawed – jurisdictionally, substantively, procedurally, and from a standpoint of basic fairness and common sense.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that DOL's July 14 motion be denied.

Dated: July 28, 2022

Respectfully submitted,

**MEDICAL STAFFING OF AMERICA, LLC, LISA ANN PITTS**

By: /s/ *Abram J. Pafford*
Abram J. Pafford (VSB #79999)
MCGUIREWOODS LLP
888 16th Street, NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1725
Fax: (202) 828-3350
apafford@mcguirewoods.com

V. Kathleen Dougherty (VSB # 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Phone: (757) 640-3840
Fax: (757) 640-3940
vkdougherty@mcguirewoods.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2022, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Dated: July 28, 2022                                  Respectfully submitted,

**MEDICAL STAFFING OF AMERICA, LLC**

By: */s/ Abram J. Pafford*
Abram J. Pafford (VSB #79999)
McGuireWoods LLP
888 16th Street, NW
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1725
Fax: (202) 828-3350
apafford@mcguirewoods.com