**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| MARTIN J. WALSH, )<br>SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF )<br>LABOR, )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br> )<br>MEDICAL STAFFING OF AMERICA, LLC, )<br>D/B/A STEADFAST MEDICAL STAFFING, )<br> )<br>& )<br> )<br>LISA PITTS, )<br> )<br>　　　　　Defendants. )<br>_____ ) | **Case No. 2:18-cv-226**<br><br>**Case No. 2:19-cv-475** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR BOND

NOW COME Defendants Medical Staffing of America, d/b/a Steadfast Medical Staffing ("Steadfast") and Lisa Pitts (together, "Defendants"), by counsel, and submit this opposition to Plaintiff's Motion for Bond and Memorandum in Support.  ECF 348, 349.

## INTRODUCTION

The United States Department of Labor ("DOL" or "Plaintiff") asks that the Court direct Defendants to post a supersedeas bond, pursuant to Federal Rule of Civil Procedure 62, to protect its interests during the pendency of Defendants' appeal.  Plaintiff contends that such a bond is necessary because Defendants have "failed to propose a plan" to protect their interests and have not demonstrated they will stay solvent.  ECF No. 349 at 1.  Boldly claiming that denying bond in this case may decrease the effectiveness of DOL's enforcement of the Fair Labor Standards Act ("FLSA"), *id.* at 4, Plaintiff requests the Court direct Defendants to post a bond in the amount of

1

$9,075,285.66 – the amount DOL alleges Defendants owe in back pay and liquidated damages. *Id.* at 2, 3, 7.  In so doing, Plaintiff (a) misapprehends how Fed. R. Civ. P. 62 functions, (b) ignores that the computation of back pay and liquidated damages is a live issue currently before the Court, and (c) baselessly alleges that Defendants are unwilling to comply with the FLSA moving forward. The Court should reject Plaintiff's motion.

## PROCEDURAL BACKGROUND

The Court issued a memorandum opinion on January 14, 2022, setting forth findings of fact and conclusions of law, and concluding that Steadfast had misclassified certain of its team members in violation of the FLSA.  ECF 324.  The Court's opinion ordered the parties to cooperate in exchanging additional information, so that DOL could present an updated, final computation of the backpay allegedly owed.  *Id.* at 31.  On the same day, the Court entered Judgment for Plaintiff and enjoined Defendants "from committing further violations of the FLSA."  ECF 325.  The Judgment did not include an award of monetary damages.

In the weeks that followed, Defendants called Plaintiff's attention to multiple apparent data entry errors in the backpay calculation presented at trial and sought to collaborate in identifying and correcting these errors to reach an accurate backpay figure.  *See generally* ECF 331; ECF 337. Plaintiff declined Defendants' repeated attempts to work together to reach an agreed-upon backpay calculation – and instead unilaterally sought on March 11 to have the Court enter a backpay damages figure that ignored Defendants' concerns.  ECF 329; 329-1.  In addition to asking the Court to ratify the backpay computation entered into evidence at trial – despite the myriad apparent data entry errors Defendants had identified – Plaintiff also sought the Court's approval of its computation of additional backpay alleged owed for the period between June 2021 and January 2022.  ECF 329-1.  Defendants responded promptly on March 13 by bringing these issues to the

Court's attention and requesting for additional time for the parties to review Plaintiff's backpay computation materials, identify any errors, and work together to correct them, if necessary. ECF 331. The next day, Defendants filed a prophylactic notice of appeal of the Court's judgment finding them in violation of the FLSA. ECF 332 (acknowledging that the Court "has not yet entered a final judgment with a dollar amount.").

On April 8, the Court issued an order deferring action on Defendants' request that the parties collaborate in reviewing and correcting the backpay calculation until the Fourth Circuit responded to Defendants' notice of appeal, citing the interest of judicial economy. ECF 340. Proceedings in the Fourth Circuit are moving apace and, per a revised briefing schedule negotiated and agreed to by Plaintiff's appellate counsel, Defendants' opening brief is to be filed by August 17, 2022. *See Martin J. Walsh v. Medical Staffing of America, LLC*, No. 22-1290, ECF 15.

## ARGUMENT

Nearly five months after Defendants noted their appeal of the Court's January 14 order finding them in violation of the FLSA, Plaintiff has moved the Court to direct Defendants to post an appeal bond. The timing of Plaintiff's motion is curious, and they offer no explanation about why this motion is appropriate *now* – in the middle of the appellate briefing schedule, and with the deadline for a response less than one week before Defendants' opening brief is due to be filed.

DOL frames its motion as being based on a belief that "Defendants have failed to propose a plan that adequately protects Plaintiff's, and in turn Defendants' employees,' interest in the judgment absent a bond pending appeal." ECF 349 at 1. DOL proposes no basis in law or equity to suggest that Defendants or the Court have any obligation to pursue further action here while appeal is pending in this matter. Instead, Plaintiff cites to the public's interest in FLSA enforcement generally to support its claim. *See id.* at 4 ("This action was brought by the Secretary

of Labor acting in the public's interest to enforce the FLSA."). Contrary to DOL's claims, Defendants have consistently demonstrated for months that they have the capacity to and will continue to comply with the Court's judgment – and, therefore, the FLSA – while also pursuing an appeal.

This Court has exercised its "inherent power" to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," ECF 347 at 3 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31(1962)), by choosing to defer action on Defendants' pending motion concerning the backpay calculation. As such, there is no monetary damages judgment yet entered in this case. ECF 324 at 30-31; ECF 325.

Because Rule 62(b) is inapplicable to the procedural posture of this case, the Court should deny DOL's motion for bond. And even if Rule 62(b) could apply in this setting, the factors to be considered under Rule 62(b) weigh against imposition of a supersedeas bond.

## I.    *Applicable Legal Standard.*

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The Rule serves an "underlying purpose of securing a judgment debtor's obligation before a stay is issued." *JTH Tax, LLC v. Shahabuddin*, No. 2:20CV217, 2021 WL 8445889, at *3 (E.D. Va. Oct. 8, 2021). Supersedeas bonds are, thus, tied to the amount of the monetary judgment, *if any*, entered against a party. *See Schmidt v. FCI Enterprises LLC*, 3 F.4th 95, 99 (4th Cir. 2021) ("[W]hereas a Rule 7 appeal bond is restricted to costs on appeal, a supersedeas bond usually covers the full amount of the money judgment."). Although the court has the discretion to order a stay secured by less than a full supersedeas bond, the supersedeas bond contemplated in

4

Rule 62(d) is a full security bond, one that secures the entire amount of the judgment. *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 n.5 (E.D. Va. 1999); *accord* 11 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2905 (3d. ed. 2022).

Moreover, the Rule does not require a bond in order for the Court to stay proceedings. "[A]s the commentary discussing the 2018 amendment to Rule 62 makes clear, a party need not necessarily post a supersedeas bond for the court to stay enforcement of a judgment pursuant to Rule 62(b)." *JTH Tax, LLC*, 2021 WL 8445889, at *3 (citing Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments). Further Rule 62(b) "does not preclude, issuance of a stay on the basis of some lesser bond, or indeed, no bond. It follows, logically, that this Rule leaves unimpaired a district court's inherent, discretionary power to stay judgments pending appeal on terms other than a full supersedeas bond." *Alexander*, 190 F.R.D. at 192. Accordingly, "a district court's inherent discretionary power to stay judgments pending appeal on the basis of less than a full supersedeas bond, or no bond, is not addressed or affected by Rule 62(d),[1] which establishes only the narrow proposition that a full supersedeas bond entitles an appellant to the issuance of a stay pending disposition of the appeal." *Id.*

## II. *Defendants Have Not Sought a Stay of the Court's Judgment and the Court Has Not Yet Awarded Damages.*

Because Defendants have not sought to stay enforcement of the Court's judgment,[2] Rule 62(b) does not apply in this case. Further, because there has not been a monetary judgment entered

---

[1] Rule 62(b) encompasses in modified form the supersedeas bond provisions of former Rule 62(d). Fed. R. Civ. P. 62, Advisory Committee Notes (2018 Amendments).

[2] On this point, Plaintiff and Defendants agree. *See* ECF 351 at 3 (conceding in connection with their Motion for Entry of an Updated Order, that "Defendants did not ask the Court to stay enforcement of the judgment[.]").

in this case, Rule 62(b) does not apply.  Plaintiff instead attempts to twist the Rule 62(b) framework – requesting the Court order Defendants to post a bond reflecting *Plaintiff's view* of what monetary damages *may be* in this case.  The Rule does not provide Plaintiff the relief it seeks.

The Court's judgment was narrow in scope: it enjoined Defendants from violating the FLSA.  ECF 325.  Defendants have not, and do not now, seek to stay the Court's judgment, which enjoined Defendants from further violation of the FLSA.  To the contrary, Defendants took immediate action in response to the Court's January 14 Opinion, working quickly to revise their payroll apparatus and overtime pay practices.  By February 8, Steadfast had fully-instituted a new payroll system under which all Steadfast team members are paid the appropriate statutory overtime rate of 1.5x their regular rate for any hours worked over 40 within a single pay period.  Defendants promptly informed DOL of the changes they had implemented in light of the Court's order.  *See* ECF 350-1.  Far from seeking a stay of the Court's judgment, Defendants are in compliance with its directives.

The Court did not make a determination on damages owed Plaintiff, and deferred action on Defendants' request to address concerns about what appear to be thousands of data entry errors, equating to millions of dollars of potential exposure for Defendants, in Plaintiff's backpay computation tables.  Without a specific damages judgment, there is no foundation for a supersedeas bond.  *Alexander*, 190 F.R.D. at 192, n.5 ("[A] supersedeas bond is arguably *any* bond that, by order of a district court, stays enforcement of a money judgment, even if the bond secures only a portion *of the money judgment*.") (emphasis added).  Rule 62(b) only applies "any time after judgment is entered," and the fact that the Court has not issued a final judgment as to back pay and liquidated damages is alone grounds to demonstrate that action under Rule 62(b) is inapplicable here.  *Cf. Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204-07 (4th Cir. 2014) (liability

judgment order not final for purposes of rules governing appeal process where judgment does not fix specific damages figure and potential disputes concerning final computation remain on District Court docket).

Defendants' March 13 motion specifically invokes the Court's discretionary authority under Rule 52, Rule 54, and Rule 60.  ECF 331.  But the Court has not yet ruled on this motion, instead deferring action in light of the pending Fourth Circuit proceedings.  Contrary to Plaintiff's recent assertion, any order by this Court setting a bond, or otherwise addressing the merits of the parties' competing backpay computation-related motions, would not be "in aid of appeal."  *See* ECF 351 at 5 (arguing that the Court should update the back wages and damages figure contained in its January 14 Order as it "will unquestionable aid in the appeal.").  Instead, it would simply inject confusion and uncertainty into the existing appellate proceedings, and might well be void on jurisdictional grounds. *See In re GNC Corp.*, 789 F.3d 505, 512 n.5 (4th Cir. 2015) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)) ("The timely filing of a notice of appeal is not merely a matter of clerical convenience. Rather, it is 'an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'").

### III.    *A Bond is Unwarranted in this Case.*

Perhaps recognizing that Rule 62 does not provide them the relief they seek, Plaintiff leans heavily on the abstract proposition that the Rule is meant to protect an appellee from risk.  DOL states that "[t]he purpose of Fed. R. Civ. Proc. 62 is to protect an appellee from undertaking the risk that the appellant's financial situation will deteriorate while the appeal is pending."  ECF 349 at 4 (citing *N. River Ins. Co. v. Greater New York Mut. Ins. Co.*, 895 F. Supp. 83, 84 (E.D. Pa.

1995)).  This is an accurate, yet incomplete, characterization of Rule 62 – and does not address the threshold issue of whether the appellant has, in fact, sought a stay of the Court's judgment.  *See North River*, 895 F. Supp. at 84 (addressing the appropriate amount of a bond *once it has been determined that bond should be posted* and noting: "In deciding whether the bond here is sufficient, we must look to its purpose.").

### A.    The Court May Stay Proceedings Without a Rule 62(b) Bond.

Even in cases where a party seeks a stay of a monetary damages judgment against it, a district court has inherent, discretionary power to stay judgments pending appeal on terms other than a supersedeas bond – including without requiring any bond.  *Moses Enterprises, LLC v. Lexington Ins. Co.*, No. CV 3:19-0477, 2022 WL 1132165, at *1 (S.D.W. Va. Apr. 15, 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 421 (2009)) (internal citations omitted) ("[I]t has always been held that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal.").

In exercising that power, district courts in the Fourth Circuit, including in this district, have adopted the Fifth Circuit's understanding that "[a] full bond may not be necessary in either of two polar circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden."  *Id.* at *1 (quoting *Alexander*, 190 F.R.D. at 193) (internal quotations omitted).   Fundamental to this assessment, however, is that there has been a final monetary damages judgment in a specific amount – which is not the case here.[3]

---

[3]  Although there has not been an award of monetary damages, such that a supersedeas bond is unwarranted, Plaintiff claims, without support, that Defendants may "dispose of property and

### B.     Bond Proceedings Are Unnecessary and Wasteful Here.

Plaintiff insinuates that Defendants' ability to cover back wages will at some point, and at some point very soon, become extinct.   ECF 349 at 6 ("Defendants [sic] lack of commitment to complying with the Act compromises their solvency. . . .   This willful disregard of the Act compromises Defendants' ability to meet its long-term debts and other financial obligations because their debt to income and asset balances continues to increase.   As such, Defendants cannot demonstrate that they have maintained the same level of solvency during appeal.").   This statement is confusing, inaccurate, and counterintuitive – as it is unclear how Defendants' alleged "lack of commitment" to complying with the FLSA (which usually involves increased expense) somehow "compromises their solvency." More importantly, this assertion ignores that Defendants are in compliance with the Court's judgment directing them to comply with the FLSA – and ignores Plaintiff's own statement indicating that Defendants have an ability to pay damages that may, *in the future*, be directed by this Court.   *See Moses Enterprises*, 2022 WL 1132165, at *1–2 (waiving bond under Rule 62(b) where evidence suggested defendants had ability to pay).

### C.     A Bond Is Not Necessary to Support Plaintiff's Enforcement Efforts.

Contrary to Plaintiff's assertions, the effectiveness of DOL's FLSA enforcement is not implicated, nor has DOL's congressional mandate in any way been frustrated, by the Court's reasoned decision to defer a determination of the Defendants' motion for relief in connection with DOL's backpay computation, while the matter proceeds on appeal.   ECF 349 at 4–5.   Plaintiff argues that, absent a bond in this case, the public's general interest in FLSA enforcement is harmed.   *Id.*   In support, Plaintiff cites to a number of cases which do not analyze Rule 62 and are

---

dissipate or hide assets before a final ruling on appeal is issued."  ECF 349 at 6.  This insinuation is offensive and unsupported.

not otherwise applicable here. *Id.* at 5 (citing *Chao v. Virginia Dept. of Transp.*, 157 F. Supp. 2d 681, 693 (E.D. Va. 2001), *rev'd on other grounds*, 291 F.3d. 276 (4th Cir. 2002) (discussing the existence of a public interest in DOL enforcing the FSLA through restitutionary injunction); *Donovan v. Brown Equip. and Serv. Tools, Inc*., 666 F.2d 148, 157–58 (5th Cir. 1982) (discussing how restitutionary injunction under the FLSA supports the public interest); *Reich v. Monfort, Inc*., 144 F.3d 1329, 1335 (10th Cir. 1998) (discussing the purposes of restitutionary injunction under the FLSA)).  Notably, Plaintiff's discussion of the problems with "denying bond" – which, to be clear, this Court has not done – fails to cite *any* authority supporting their position that the purpose of FLSA, or DOL's enforcement efforts, is frustrated by a district court's reasoned decision to defer issuing a monetary damages judgment pending the outcome of an appeal.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that Plaintiff's Motion for Bond be denied.

Dated: August 11, 2022

Respectfully submitted,

**MEDICAL STAFFING OF AMERICA, LLC, LISA ANN PITTS**

By: */s/ Abram J. Pafford*
Abram J. Pafford (VSB #79999)
MCGUIREWOODS LLP
888 16th Street, NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1725
Fax: (202) 828-3350
apafford@mcguirewoods.com

V. Kathleen Dougherty (VSB # 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655

Phone: (757) 640-3840
Fax: (757) 640-3940
vkdougherty@mcguirewoods.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, I filed the foregoing document with the Clerk of

the Court using the CM/ECF system, which will send a notification of such filing to all counsel of

record.

Dated: August 11, 2022                    Respectfully submitted,

**MEDICAL STAFFING OF AMERICA, LLC**

By: */s/ Abram J. Pafford*
Abram J. Pafford (VSB #79999)
McGuireWoods LLP
888 16th Street, NW
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: (202) 857-1725
Fax: (202) 828-3350
apafford@mcguirewoods.com