**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

|  |  |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | |
| Plaintiff, | Case No. 2:18–cv–226 |
| v. | Case No. 2:19–cv–475 |
| MEDICAL STAFFING OF AMERICA, LLC, d/b/a STEADFAST MEDICAL STAFFING, and LISA PITTS, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States Department of Labor's ("Plaintiff" or "DOL") Motion

for Bond ("Motion"), ECF No. 348, and supporting Memorandum, ECF No. 349, pursuant to

Federal Rule of Civil Procedure 62. Medical Staffing of America d/b/a as Steadfast Medical

Staffing and business owner Lisa Pitts (together, "Defendants") oppose the Motion, ECF No. 355,

and Plaintiff replied. ECF No. 357. Having carefully reviewed the parties' memoranda, the Court

finds this matter ripe for judicial determination. For the reasons set forth below, Plaintiff's Motion

is **DENIED.**

### I.   PROCEDURAL AND FACTUAL HISTORY

On May 2, 2018, Plaintiff initiated an enforcement action against Defendants, alleging

several violations of the Fair Labor Standards Act ("FLSA"). Compl., ECF No. 1. On January 14,

2022, following a bench trial, the Court entered judgment in favor of Plaintiff, finding Defendants

liable for failing to pay overtime and keep and maintain records in violation of the FLSA. ECF

No. 325. In its Memorandum and Opinion, the Court enjoined Defendants from committing further

FLSA violations and accepted Plaintiff's back wage calculations and methodology, finding that Defendants owed $3,619,716.49 for overtime violations from August 18, 2015 to June 27, 2021 and an equal number of liquidated damages, totaling $7,229,432.98. ECF No. 324. In that same order, Plaintiff was directed to provide the Court with an updated calculation of additional back pay and liquidated damages from any continued FLSA violations from June 27, 2021 to January 13, 2022. *Id.*

On March 11, 2022, Plaintiff submitted updated back wage calculations in the amount of $9,075,285.66, an amount that includes $1,835,852.68 in added back wages and liquidated damages. ECF No. 329. On March 13, 2022, Defendants filed a Motion for Relief in Connection with Plaintiff's Trial Exhibit PX-21,[1] pursuant to Federal Rules of Civil Procedure 52(b), 54(b) and 60(a) – (b), and opposition to Plaintiff's March 11 "Updated Back Wage Computations," claiming that Plaintiff's backpay and liquidated damage calculations included several computational errors. ECF No. 331. However, no motion was made to stay execution of the judgment, pursuant to Federal Rule of Civil Procedure 62. Then on March 14, 2022, Defendants filed a notice of appeal to contest the final judgment. ECF No. 332. Again, Defendants did not request a stay of execution. On April 8, 2022, the Court deferred ruling on Defendant's Motion for Relief in the interest of judicial economy."[2] ECF No. 340.

On July 14, 2022, Plaintiff filed a Motion for Entry of Updated Order, requesting that the Court amend its judgment to reflect the DOL's updated back wage and liquidated damages calculation, ECF Nos. 346, 347, which Defendants opposed, ECF No. 350. In that motion, the

---

[1] Trial Exhibit PX-21 is a backpay table that includes approximately 10,000 entries that the Department of Labor created using data taken from Defendants' payroll, invoices, and worker time sheets, which were produced in discovery and are part of the trial record.
[2] Defendants filed their reply on December 9, 2022.

DOL argued that it was prevented from enforcing the Court's judgment without an updated order reflecting the total back wage and liquidated damages owed. ECF No. 347. Plaintiff also raised the supersedeas bond issue to the Court for the first time.

Relevant to the instant Motion, Plaintiff filed a Motion for Bond on July 28, 2022, seeking an order from the Court directing Defendant to take out a supersedeas bond, pursuant to Federal Rule of Civil Procedure 62. On August 11, 2022 Defendant responded in opposition to Plaintiff's Motion. ECF No. 355. On August 17, 2022, Plaintiff replied. ECF No. 357.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 62(b), an appellant may stay a monetary judgment pending disposition of the appeal by posting a full supersedeas bond. *See Alexander v. Chesapeake, Potomac, & Tidewater Brooks*, Inc., 190 F.R.D. 190, 192 (E.D. Va. 1999). A supersedeas bond is intended to protect a winning plaintiff from non-payment. *See Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191-92 (5th Cir. 1979) ("The purpose of the bond is to preserve the status quo while protecting the non–appealing party's rights pending appeal."). Although the stay is effective when the supersedeas bond is approved by the court, Fed. R. Civ. P. 62(b), courts have interpreted the language of Rule 62 to prevent the imposition of a supersedeas bond on an appellant who has not moved for a stay. *See U.S. ex rel Terry Inv. Co. v. United Funding & Investors, Inc.*, 800 F.Supp. 879, 881-882 (E.D. Ca. 1992) (rejecting the plaintiff's argument that the court's refusal to enforce the judgment against the defendant created a *de facto* stay, permitting the district court to order the defendant to post a supersedeas bond in the absence of the defendant moving for a stay); *O'Keefe v. Mercedes-Benz USA, LLC*, 2003 WL 22097451, *5 (E.D. Pa. June 4, 2003) (finding that the district court did not have the authority to grant a motion for a supersedeas bond in light of a *de facto* stay).

## III.   DISCUSSION

The issue here is whether the Court has the power to impose a supersedeas bond on Defendants in the absence of a Rule 62(b) motion to stay the case pending disposition in the Fourth Circuit appeal. Plaintiff argues that Defendants should be compelled to post a supersedeas bond because they are enjoying the benefits of a *de facto* unsecured stay under the unique procedural posture of this case. Without an updated Order incorporating the additional back wage and liquidated damages due from continued FLSA violations between June 20, 2021 and January 28, 2022, Plaintiff argues that its ability to secure and enforce the court's prior judgment and demand an appellate bond in the pending appeal has been frustrated. ECF No. 347. at 4. In opposition, Defendants argue that Rule 62(b) does not apply in this case. Because Defendants have not sought to stay enforcement of the Court's judgment, Defendants argue that the Court may not mandate Defendants to post a supersedeas bond. ECF No. 355 at 5. Lastly, Defendants argue that the Court's January 14, 2022 judgment "was narrow in scope" and only "enjoined Defendants from violating FLSA" but did not issue a specific damages judgment. *Id.* at 5-6.

On March 14, 2022, Defendants filed a notice of appeal to contest the final judgment, contesting the accuracy of Plaintiff's back wage and liquidated damages calculations. ECF No. 332; *see Martin J. Walsh v. Medical Staffing of America*, LLC, No. 22-1290. After noticing its appeal, Defendants correctly point out that they did not move the Court to stay the judgment by posting a supersedeas bond or seek an unsecured stay of execution pursuant to Rule 62(b). Rule 62(b) does not expressly provide courts with discretion to impose a supersedeas bond, on its own accord or upon receiving a motion from an appellee, when an appellant fails to move for a stay. *See In re Diet Drugs v. Am. Home Prods. Corp.*, 2000 WL 1665134, at *2 (E.D. Pa. Nov. 6, 2000) (holding that Rule 62(b) "indicates that a co-requisite to imposition of a supersedeas bond is a

4

motion for a stay by the *appellant*") (emphasis in original). Accordingly, the Court finds that both Plaintiff, and the Court, are powerless to compel Defendant to post a supersedeas bond, unless Defendants move for a formal stay of execution. However, Plaintiff may seek an appeal bond pursuant to Rule 7 or seek relief in the Court of Appeals under Federal Appellate Rule 8.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion is **DENIED.** ECF No. 559.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 20, 2022

Raymond A. Jackson
United States District Judge