

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARTIN J. WALSH,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

          Plaintiff,

v.

MEDICAL STAFFING OF AMERICA, LLC, d/b/a
STEADFAST MEDICAL STAFFING, and LISA
PITTS,

          Defendants.

Case No. 2:18–cv–226

Case No. 2:19–cv–475

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order considers the merits of the United States Department of Labor's ("Plaintiff" or "DOL") request for injunctive relief, pursuant to 29 U.S.C. § 217 and Federal Rule of Civil Procedure 65(d), in compliance with the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit") ruling in *Su v. Med. Staffing of Am., LLC*, No. 22-1290, 2023 WL 3735221, at *1 (4th Cir. May 31, 2021).[1] Having carefully reviewed the parties' supplemental memoranda, the Court finds this matter ripe for judicial determination. Upon review, the Court finds that an injunctive relief hearing is not necessary. *See* E.D. Va. Local Civ. R. 7(J). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. PROCEDURAL AND FACTUAL HISTORY

On May 2, 2018, Plaintiff initiated an enforcement action against Medical Staffing of America, LLC, d/b/a Steadfast Medical Staffing ("Steadfast"), and Lisa Pitts ("Defendants"),

---

[1] On appeal, the Fourth Circuit vacated this Court's January 14, 2022 injunction, enjoining Defendants from violating the overtime and recordkeeping provisions of the FLSA. *See Med. Staffing of Am.*, 2023 WL 3735221, at *1 (vacating injunction and remanding for further proceedings in light of the requirements outlined in Federal Rule of Civil Procedure 65(d)).

alleging several violations of the Fair Labor Standards Act ("FLSA" or "the Act"), as amended, 29 U.S.C. § 201, et seq. Complaint ("Compl."), ECF No. 1. As part of the requested relief, Plaintiff sought an injunction, enjoining Defendants from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, pursuant to Section 17 of the Act. *Id.* at 7(1).

On January 14, 2022, following a seven-day bench trial, the Court entered judgment in favor of Plaintiff, concluding that Defendants liable for failing to pay overtime and maintain pay records in accordance with the FLSA. ECF No. 325. In its Memorandum and Opinion, the Court enjoined Defendants from committing further FLSA violations and accepted Plaintiff's back wage calculations and methodology, finding that Defendants owed $3,619,716.49 for overtime violations from August 18, 2015 to June 27, 2021 and an equal number of liquidated damages, totaling $7,229,432.98. ECF No. 324. In that same order, Plaintiff was directed to provide the Court with an updated calculation of additional back pay and liquidated damages from any continued FLSA violations from June 27, 2021 to January 13, 2022. *Id.*

On March 14, 2022, Defendants filed an interlocutory appeal to contest the final judgment and order entered in favor of Plaintiff. ECF No. 332. On appeal, the Fourth Circuit did not review "the injunction's merits or any other aspects of the [January 14, 2022] Order." *Su v. Med. Staffing of Am., LLC*, No. 22-1290, 2023 WL 3735221, at *2 (4th Cir. May 31, 2023). Instead, the Fourth Circuit held that the injunction issued as a part of the Court's January 14, 2022 Order "erroneously fail[ed] to comply with the mandatory requirements of Rule 65(d) of the Federal Rules of Civil Procedure. That is, the Order [did] not adequately 'state the reasons why [the injunction] issued; fail[ed] to state its terms specifically; and [did] not describe in reasonable detail . . . the act or acts restrained or required.'" *Id.* Accordingly, the Fourth Circuit vacated the injunction and remanded the action for further proceedings. On July 24, 2023, the Fourth Circuit returned its mandate. ECF No. 394.

2

On June 20, 2023, the Court ordered both parties to file supplemental briefs regarding Plaintiff's entitlement to injunctive relief under the four-factor test outlined in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Order, ECF No. 391. On July 23, 2023, the parties filed supplemental briefs with respect to the injunctive relief issue raised by the Fourth Circuit. Defs.' Supp. Mem., ECF No. 392; Pl.'s Supp. Mem., ECF No. 393. The Secretary seeks to enjoin Defendants and their agents from violating Sections 7 (requiring payment of overtime) and 11 (requiring proper record keeping) of the FLSA, pursuant to Section 17 of the Act. ECF No. Pl.'s Supp. Mem. at 1, 24. Defendants oppose the injunction and argue that the DOL cannot met its burden to demonstrate that an injunction is necessary under the *eBay* requirements for injunctive relief. Defs' Supp. Mem. at 1-3. Accordingly, this matter is now ripe for judicial determination.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(d), a plaintiff seeking a permanent injunction must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *See eBay Inc. v. MercExhange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

Under the FLSA, district courts are authorized to issue injunctive relief to "restrain violations" of Sections 206 and 207 of the Act upon a showing of cause. 29 U.S.C. § 217. Whether to issue an injunction under the FLSA is within the discretion of the district court. *See Sec'y of Labor, United States DOL v. Access Home Care, Inc.*, Civil Action No. 1:18–cv–581 (AJT/MSN), 2019 U.S. Dist. LEXIS 231687, at *12–13 (E.D. Va. Mar. 20, 2019) (citing *McComb v.*

3

*Homeworkers' Handicraft Coop.*, 176 F.2d 633, 641 (4th Cir. 1949); *see also Tobin v. Flippo*, 91 F. Supp. 302, 304 (E.D. Va. 1950) (holding that whether to issue an injunction is "discretionary with the trial court"). In deciding whether to issue an injunction under the FLSA, courts may consider: (1) the employer's previous conduct; (2) whether it is currently compliant (or non-compliant) with the FLSA; and (3) the dependability of any assurances that it will comply with the Act in the future. *See Access Home Care*, 2019 U.S. Dist. LEXIS 231687, at *12–13 (E.D. Va. Mar. 20, 2019) (citing *Martin v. Funtime, Inc.*, 963 F.2d 110, 114 (6th Cir. 1992)); *see also Acosta v. Emerald Contractors Inc.*, Civil Action No. TDC–18–3762, 2019 U.S. Dist. LEXIS 160500, at *14–15 (D. Md. Sep. 19, 2019).

### III. DISCUSSION

The Court may exercise its discretion and equitable powers to restrain future violations of the recordkeeping and overtime provisions of the FLSA for cause shown. 29 U.S.C. § 217; *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 663 (4th Cir. 1969) ("A suit for an injunction brought by the [DOL] ... is essentially equitable in nature ... in which the trial court has broad discretion to fashion its decree according to the circumstances of each case."). Although the FLSA allows injunctions, equitable relief is appropriate only when the remedy at law is inadequate. *See Sampson v. Murray*, 415 U.S. 61, 94 (1974); *eBay Inc.*, 547 U.S. at 391. In line with these principles, the Court finds that several factors favor the issuance of the Secretary's requested injunction.

Under the four *eBay* factors, the Court finds that the Secretary will be irreparably harmed without the injunction. First, Defendants' recurring FLSA violations substantially interfere with the Secretary's ability to vindicate public rights and fulfill her congressionally mandated responsibility to protect workers, including Defendants' employees. In the absence of Defendants' immediate compliance with all FLSA requirements, the Secretary is unable to protect Steadfast

4

nurses and ensure that they receive proper, timely, and adequate compensation. In its January 14, 2022 Order, the Court found that since August 18, 2015 Steadfast nurses were routinely undercompensated for overtime, impacting their ability to meet their basic needs and financial obligations. Jan. 14, 2022 Mem. Op. & Or. ("Jan. 14, 2022 Or."), ECF No. 324 at ¶ 38 (citing Trial Transcript ("Tr.") at 75:6–8, 97:25–98:2, 125:15–18, 184:7–10). In addition, the Court found that even when nurses complained to Steadfast about their failure to receive overtime payment, and Defendants knew that their payment practices were unlawful after Plaintiff concluded its initial administrative investigation in 2018, Defendants continued its practice of undercompensating its employees. *Id.* at ¶¶ 46, 70 (citing Tr. at 78:3–13, 127:5–18, 185:24–186–7; 221:21–222:3, 344:10–345:1, 550:25–551:25). Despite Defendants' clear knowledge of the FLSA's requirements, Defendant has a history of willful non-compliance that continues through the present day. *Id.* at ¶¶ 80-81 (citing Tr. at 535:24–536:2, 993:12–16, 1029:13–17, 1092:13–1093:11); Pl.'s Mem. Supp. at 3-5, 18.[2] As a result, the Court finds that prospective injunction is necessary to place the cost of Defendants' noncompliance on Steadfast and Ms. Lisa Pitts as the employer, which in turn "lessens the responsibility of the Wage and Hour Division in investigating instances of noncompliance." *Martin v. Funtime, Inc.*, 963 F.2d 110, 114 (6th Cir. 1992) (internal citation omitted); *see Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997) (internal citation omitted).

Second, the other legal remedies available do not remedy the harm created by Defendants continuing violations. Monetary damages in the form of back wages and liquidated damages are only effective if the Department of Labor is able to accurately review and calculate Steadfast nurses' lost wages. However, since the Court's January 14, 2022, Defendants have failed to timely respond to the Secretary's requests for payroll records and maintain proper payroll records as

---

[2] The Court also notes that the Secretary sued Defendants twice for similar FLSA violations. *See* Compl., ECF No. 1 in *Walsh v. Med. Staffing of Am.*, No. 2:18-cv00226 (E.D. Va. Jan. 14, 2022) ("Steadfast I") *compare* Compl., ECF No. 1 in *Walsh v. Med. Staffing of Am.*, No. 2:19-cv00475 (E.D. Va. Jan. 14, 2022) ("Steadfast II").

required by the FLSA. *See* Decl. of Alvaro Mazuera, ECF No. 382-1. In addition, Defendants conceded that the most recent payroll information provided to the Department of Labor resulted in findings that demonstrated that Steadfast nurses remained undercompensated for overtime hours worked. Defs.' Supp. Mem. at 5 (citing Def.'s Auditor Report, ECF No. 375-1 at 7). Therefore, monetary damages standing alone are inadequate remedies to the harm created by Defendants' continued non-compliance and inability to accurately pay its nurses without oversight.

With respect to the third and fourth factors, the balance of the equities also favors Plaintiff. A prospective injunction will not harm Defendants by requiring them to comply with the law. In contrast, Defendants' continued noncompliance harms both Steadfast workers and competitors and interferes with the mission of the Department of Labor. For example, the Court found that Defendants intentionally "declined the option to include a feature that would have tracked the number of hours the nurses worked in excess of 40 hours each workweek." Jan. 14, 2022 Order at ¶66 (citing 1016:23–1017:23; Plaintiff's Trial Exhibit ("PX") -2 at 74–75, 81–82; PX-3 at 5). Lastly, the public's interest in vindicating labor laws favors the issuance of an injunction protecting both workers and businesses. "By not paying overtime, Steadfast can charge client-facilities lower rates for their services than their competitors who do pay overtime. These lower rates make Steadfast's services more desirable to healthcare facilities than their competitors' services, creating unfair competition in interstate commerce." Jan. 14, 2022 Or. at ¶ 58 (citing Tr. at 623:18–624:6).

In determining whether to issue a prospective injunction under the FLSA, courts also consider the employer's previous conduct, its current compliance or noncompliance, and the dependability of any assurances that it will comply with the FLSA in the future. *Sec'y of Labor, United States DOL v. Access Home Care, Inc.*, 2019 U.S. Dist. LEXIS 231687 at *13, 2019 WL 8887760 (E.D. Va. March 20, 2019) (citing *Martin v. Funtime, Inc.*, 963 F.2d 110, 113 (6th Cir. 1992); *See, e.g., Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 158 (5th Cir.

1982) (quoting *Dunlop v. Davis*, 524 F.2d 1278 (5th Cir. 1975)); *see also Chao v. Va. Dep't of Transp,*, 157 F. Supp. 2d 681, 690 (E.D. Va. 2011) (citing cases reflecting that five different United States Courts of Appeals apply the same or similar tests), *rev'd in part on other grounds*, 291 F.3d 276 (4th Cir. 2002)). An injunction is warranted only "where the court is convinced that such relief is necessary to prevent future violations." *Walling v. Clinchfield Coal Corp.*, 159 F.2d 395, 399 (4th Cir. 1946) (citations omitted).

The Court has considered Defendant's assurances regarding its current compliance and other submitted evidence regarding its willingness to follow the FLSA. Def.'s Supp. Mem. at 3-6, 13-15. In particular, Defendants allege that "[t]he record in this case establishes' Defendants' good faith, diligent efforts to promptly adjust Steadfast's overtime payment practices to comport with the findings and conclusions reflected in the Court's January 2022 opinion." *Id.* at 10. However, contrary to Defendants' contentions, Defendants' pre-trial and post-trial conduct demonstrates a continued stiff-necked approach to their obligations under the FLSA.

In its January 14, 2022 opinion, the Court's found that even after receiving information about its FLSA violations in 2018, Defendants continued to violate the law. Jan. 14, 2022 Or. at 27-30 (discussing how the record reflects that Defendants willfully violated the FLSA in bad faith). Only in February 2022, over three years after the completion of the Department's administrative investigation and during the pendency of this case, did Defendants start to implement policy and payroll changes. Defs.' Supp. Mem. at 4-5. Particularly troubling are the violations between the time that Defendants were informed that Steadfast's business practices were noncompliant in 2018 and its disregard for the advice of the legal counsel to stop effecting the non-compete clause in its employment agreement. Jan. 14, 2022 Or. at ¶¶ 69-81 (noting that Defendants did not adhere to advice to forgo the non-compete clauses in its contractor agreements and continued to both underpay and misclassify its nurses).

7

While true that Defendants restructured its payroll system in February 2022 and engaged a third-party auditor to examine its payroll records to ensure compliance with applicable regulations, these efforts do not minimize the fact that Defendants continue to violate the FLSA's overtime wage provisions. The audit report revealed that the Steadfast had failed to pay at least $270,820 to its nurses as of January 30, 2023. Defs.' Supp. Mem. at 2. Defendants argue that "[t]his inadvertent shortfall was traceable to policy gaps and administrative errors arising from the somewhat complicated nature of the manner in which the nurses submit timesheets relating to shifts they have worked, coupled with the fact that this was Steadfast's first introduction to overtime payment procedures at this large of a scale." *Id.* at 2-3. Although Defendants classify these violations as "limited process errors" that have been "identified and corrected," the Court has yet to see, and Defendants have yet to demonstrate, how their articulated efforts to prevent such issues from reoccurring will bring them in compliance with the FLSA going forward. In contrast, the Department of Labor has documented the Defendants' repeated and blatant disregard of their requests for payroll records and failure to properly calculate overtime wages. Pl.'s Supp. Mem. at 1-2, 4-6. Therefore, the Court is not convinced that Defendants will make a serious and proactive effort to prevent future violations without oversight.

Ultimately, Defendants' pattern of FLSA violations and bad faith efforts to avoid compliance weigh heavily in favor of granting a prospective injunction. *Dunlop v. Davis*, 524 F.2d 1278, 1281 (5th Cir. 1975). The Court has assessed the appropriateness of an injunction under the four *eBay* factors and reviewed the factual findings made in its January 14, 2022 Order and the parties' supplemental memoranda. In light of the record in this case, the Court cannot say that Defendants are likely to comply with their obligations under the FLSA absent the injunction. *See Solis v. United Buffet, Inc.*, 2012 WL 669867, at *5 (N.D. Cal. Feb. 29, 2012); *See, e.g., Herman v. Brewah Cab, Inc.*, 992 F.Supp. 1054, 1061 (E.D.Wis.1998) (granting injunction to restrain

future FLSA violations even though defendant was currently in compliance with FLSA). Accordingly, Plaintiff has shown good cause for enjoining Defendants from violating the FLSA's overtime and recordkeeping provisions. 29 U.S.C. § 207.

### IV.   CONCLUSION

For these reasons, the Court finds that a permanent injunction is needed to prevent continued violations of the Act. Accordingly, Ms. Lisa Pitts and Steadfast, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them are restrained and enjoined from future violations of the act such that:

a. Defendants shall not violate Section 7 of the Act, 29 U.S.C. § 207;

b. Defendants shall pay all non-exempt employees at least time and one-half their regular rates for all hours worked in excess of forty per workweek under Section 7;

c. Defendant shall not violate Section 11 of the Act, 29 U.S.C. § 211, and 29 C.F.R. § 516, et seq.;

d. Defendants shall maintain and preserve records pursuant to Section 11 of the Act and 29 C.F.R. § 516, et seq.; and Defendants shall preserve these records for at least three years. See *McComb v. Homeworks' Handicraft Co–op*, 176 F.2d 633 (4th Cir. 1949); see also *Martin v. Funtime*, 963 F.2d 110, 113 (6th Cir. 1992)

The Clerk is **DIRECTED** to provide a copy of this Order to the parties and counsel of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
September 7, 2023

Raymond A. Jackson
United States District Judge