**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                           Plaintiff,<br><br>        v.<br><br>MEDICAL STAFFING OF AMERICA, LLC, d/b/a<br>STEADFAST MEDICAL STAFFING, and LISA<br>PITTS,<br><br>                        Defendants. | Case No. 2:18–cv–226<br><br>Case No. 2:19–cv–475 |

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Medical Staffing of America d/b/a as Steadfast Medical Staffing and business owner Lisa Pitts (collectively, "Defendants") Motion for Relief in Connection with the United States Department of Labor ("Plaintiff" or "DOL") Trial Exhibit PX-21 and Opposition to Plaintiff's March 11 "Updated Back Wage Computations." ECF No. 331 ("Defs.' Mot."). Plaintiff filed its response in opposition. ECF No. 335 ("Pl.'s Resp."). Defendants filed their reply. ECF No. 337 ("Defs.' Reply"). Having carefully reviewed the parties' briefs, the Court finds this matter ripe for judicial determination. In this Memorandum Opinion and Order, the Court will only address PX-21.[1] For the reasons set forth below, Defendants' Motion for Relief regarding PX-21 is **DENIED.** Furthermore, the Court finds a hearing on Defendants' Motion unnecessary.

### I.    PROCEDURAL AND FACTUAL HISTORY

On May 2, 2018, Plaintiff initiated an enforcement action against Defendants, alleging several Fair Labor Standards Act ("FLSA") violations. ECF No. 1. On January 14, 2022, following

---

[1] The Court will address Plaintiff's updated back wage computations in a separate order.

a bench trial, the Court entered judgment in favor of Plaintiff, finding Defendants liable for violating the FLSA for failing to pay overtime and maintain records. ECF Nos. 324, 325. In its Memorandum and Opinion, the Court enjoined Defendants from committing further FLSA violations and accepted Plaintiff's back wage calculations and methodology, finding that Defendants owed $3,619,716.49 for overtime violations from August 18, 2015 to June 27, 2021 and an equal number of liquidated damages, totaling $7,229,432.98. ECF No. 324 (the "Court's Order" or "Order"). In that same Order, the Court directed Plaintiff to provide an updated calculation of additional back pay and liquidated damages for any continuing FLSA violations from June 27, 2021, to January 13, 2022. *Id.*

On March 11, 2022, Plaintiff submitted updated back wage calculations for $9,075,285.66, an amount that includes $1,835,852.68 in added back wages and liquidated damages. ECF No. 329. On March 13, 2022, Defendants filed a Motion for Relief in Connection with Plaintiff's Trial Exhibit PX-21,[2] under Federal Rules of Civil Procedure 52(b), 54(b) and 60(a) – (b), and opposition to Plaintiff's March 11 "Updated Back Wage Computations," claiming that Plaintiff's backpay and liquidated damage calculations included several computational errors. On March 14, 2022, Defendants filed a notice of appeal to contest the final judgment. ECF No. 332. On March 28, 2022, Plaintiff responded in opposition stating the Court rendered a final decision and Defendants' Motion is untimely. On April 4, 2022, Defendants replied in support of their Motion stating PX-21 contains multiple errors. On April 8, 2022, the Court deferred ruling on Defendants' Motion for Relief in the interest of judicial economy. ECF No. 340. On May 31, 2023, the Fourth Circuit Court of Appeals vacated the injunction and remanded the case for further proceedings.

---

[2] Trial Exhibit PX-21 is a backpay table that includes approximately 10,000 entries the DOL created using data taken from Defendants' payroll, invoices, and worker timesheets, which were produced in discovery and are part of the trial record.

2

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 52(b)

Under the Federal Rule of Civil Procedure ("FRCP") 52(b), it states "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." As courts have noted, "[a]mong the purposes of such a motion is to correct manifest errors of law or fact." *Morrow Corp. v. Harleysville Mut. Ins. Co.*, 110 F. Supp. 2d 441, 445 (E.D. Va. 2000). Furthermore, "or in limited circumstances, to present newly discovered evidence, but not to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *U.S. v. Mathis*, No. 6:06-815, 2008 WL 906554, *1 (D.S.C., 2008).

### B.  Federal Rule of Civil Procedure 54(b)

FRCP 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). "The Court has distilled the grounds for a Rule 54(b) motion for reconsideration to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent

3

manifest injustice." *Van Duzer Lang v. Patients Out of Time*, No. 3:20-CV-00055, 2023 WL 7191175, at *1 (W.D. Va. Nov. 1, 2023) (internal citation and quotations omitted). Courts have the responsibility to reach the correct judgment under the law. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983). A motion for reconsideration is wasteful when it reiterates previous arguments. *Univ. of Va. Patent Found. v. Gen. Elec. Co.*, 755 F.Supp. 2d 738, 744 (W.D. Va. 2011). "Put differently, aggrieved parties may not put a finer point on their old arguments and dicker about matters decided adversely to them." *Van Duzer Lang*, 2023 WL 7191175 at *1 (quoting *Evans v. Trinity Indus., Inc.*, 148 F.Supp. 3d 542, 546 (E.D. Va. 2015)). A party that does not present its strongest case in the first instance generally has no right to raise it in a motion to reconsider. *See United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003); *see also U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (stating litigants who failed to raise the issue with the court should not be permitted without good reason to raise it later).

### C. Federal Rule of Civil Procedure 60(a) – (b)

FRCP 60(a) provides "[t]he court may correct . . . a mistake . . .whenever one is found in a judgment, order, or other part of the record." The court may correct a mistake, but after filing an appeal a "mistake may be corrected only with the appellate court's leave." *Id*. Rule 60(a) "applies when the court intended one thing but by merely clerical mistake or oversight did another." *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013) (internal citation and quotation marks omitted). "The relevant test . . . is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Rhodes*, 548 F. App'x at 859 (4th

Cir. 2013) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)).

FRCP Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

"[W]hen the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1). Moreover, both cases require a movant to act in a timely fashion, to avoid unfair prejudice to the non-movant, and to proffer a meritorious defense [][] to obtain relief." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). Rule 60(b)(6) allows a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although Rule 60(b)(6) is a catch-all provision, "a motion under 60(b)(6) may not be granted absent extraordinary circumstances." *Murchison v. Astrue*, 466 F. App'x 225, 229 (4th Cir. 2012). "Extraordinary circumstances are those that create a substantial danger that the underlying judgment was unjust." *Id.* (alterations in original) (internal quotations and citations removed). A party must raise a Rule 60(b) motion within a reasonable time and not more than a year after entering the judgment for reasons one through three. Fed. R. Civ. P. 60(c)(1).

## III.   DISCUSSION

### A.  Federal Rule of Civil Procedure 52(b)

Defendants argue that they are entitled to relief under FRCP 52(b) to obtain an accurate

5

calculation of the back pay Defendants owe to their employees because PX-21 calculations are inaccurate. Defs.' Mot. at 10–11. Additionally, Defendants argue that the Court has not entered judgment and has not imposed damages. Defs.' Reply at 14. Further, the Court's order is interlocutory regarding the issue of damages, leaving the Court empowered to grant post-trial relief. *Id.* Plaintiff argues that Defendants' Motion is untimely because Defendants filed the motion 58 days after final judgment, and the Clerk closed the case. Pl.'s Resp. 8.

FRCP 52(b) states that a party must file its motion no later than 28 days after the court enters judgment. Here, Defendants waited 58 days to file this motion. Further, Defendants raised this motion to relitigate issues that were decided at trial. Defendants failed to object or challenge PX-21 before and during trial. The Court repeatedly informed Defendants to review Plaintiff's computations, however, Defendants failed to do so. Pl.'s Resp. at 10; Court's Order. Additionally, the FLSA required Defendants to keep and maintain proper records, which they failed to do. Defendants should have raised this issue at trial instead of waiting 58 days until after the Court entered judgment to argue the issue of the computations. *See Perry v. Clarke*, No. 1:17CV664 (LO/IDD), 2019 WL 13249499, at *1 (E.D. Va. May 2, 2019) (stating petitioner's motion under Rule 52(b) seeks to relitigate issues that were previously rejected). The Court's judgment was final, and the Clerk closed the case. *See* Court's Order; ECF No. 325. *See In re Grand Jury 2021 Subpoenas*, No. 22-1654, 2023 WL 8103935, at *6 (4th Cir. Nov. 22, 2023) (stating final decisions end the litigation and leave nothing for the court to decide). The only thing left for the Court to decide is the amount of back wages owed, which is a ministerial task. *See Rutter v. Oakwood Living Centers of Virginia, Inc.*, 282 Va. 4, 13 (2011). Even if the Court's decision was not final, Defendants' arguments point out no errors of law or fact that would manifest injustice because Defendants decided to sit at trial and not object to PX-21. Thus, Defendants' Motion under Rule

52(b) is untimely and unavailing to Defendants.

**B. Federal Rule of Civil Procedure 54(b)**

Defendants argue that they are entitled to relief under Rule 54(b) because the Court has not resolved the final back pay computations and liquidated damages, making the Court's Order interlocutory. Defs.' Mot. at 8. Additionally, Defendants argue that PX-21 computations are wrong and unjust to impose on Defendants. *Id.* at 15. Plaintiff argues that the Court entered final judgment in favor of Plaintiff and directed Plaintiff to provide an update on back wages, which is a ministerial task. Pl.'s Resp. at 4. Therefore, Plaintiff concludes that the Court's Order is final and not interlocutory. *Id.*

FRCP 54(b) governs interlocutory orders and gives the court discretion to revise its order before entry of judgment. In this case, the Court entered final judgment and resolved all issues leaving only the amount of damages owed to Defendants employees. *See Rutter*, 282 Va. at 13. Rule 54(b) is inapplicable in this case. The Court issued its Order, finding Defendants liable for violating the FLSA. In that Order, the Court adopted Plaintiff's calculations and awarded damages to Plaintiff. Further, the Court directed Plaintiff to provide an update regarding back wages. However, even if the Court's Order is interlocutory, Plaintiff cannot get relief under 54(b). Defendants have not shown that there has been a change in law, clear error manifesting injustice, or new evidence that was not previously available. *See Van Duzer Lang*, 2023 WL 7191175 at *1. Rather, Defendants rely on PX-21 containing alleged computation errors as a basis for this Motion. However, Defendants had ample time before and during the trial to challenge Plaintiff's PX-21 computations well before the Court ruled in favor of Plaintiff. Defendants also did not introduce evidence at trial to challenge Plaintiff's computations. This Motion is wasteful as Defendants had ample time to address these issues before the Court entered judgment. *See Duke Energy Corp.*,

7

218 F.R.D. at 474. Under Rule 54(b), Defendants cannot relitigate PX-21 and the amount of damages owed since the Court's decision was adverse to them. *See Van Duzer Lang*, 2023 WL 7191175 at *1 ("Put differently, aggrieved parties may not put a finer point on their old arguments and dicker about matters decided adversely to them.") (internal citation and quotations omitted). Thus, Defendants' Motion under Rule 54(b) is improper and denied.

## C. Federal Rule of Civil Procedure 60(a) – (b)

Defendants argue that they are entitled to relief under Rule 60(a) because Plaintiff's PX-21 computations are inaccurate. Defs.' Mot. at 9–10. Further, PX-21 is complete with errors and fails to specify the overtime pay the employees received. Defs.' Reply at 17. Defendants believe that under Rule 60(a), the Court should allow the correction of the alleged clerical errors. *Id.* However, Plaintiff argues that Defendants' requested relief is not clerical. Pl.'s Resp. at 13. Instead, Plaintiff argues that Defendants seek to have the Court relitigate issues that Defendants failed to object to at trial. *Id.*

FRCP 60(a) states, "[t]he court may correct . . . a mistake . . .whenever one is found in a judgment, order, or other part of the record." In this case, there are no clerical mistakes. The Court informed Defendants multiple times before the trial to review PX-21. It is completely absurd to have Plaintiff recompute alleged errors in PX-21 that should have been addressed long before the Court entered judgment and long before the trial. *See e.g., Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687–88 (1946) (stating employer cannot complain about the inaccuracy of damages had the employer maintained the records). The Court warned Defendants about their questionable litigation decisions before and during the trial and their failure to cooperate with Plaintiff. *See* Court's Order. Additionally, the Court warned Defendants at trial that they would not be allowed to present evidence of damages after trial. Defendants now raise these issues regarding PX-21 58

8

days after entry of judgment, 185 days after trial, and more than 300 days after the close of discovery, and the Court finds this to be grossly unreasonable. Pl.'s Resp. at 11. Defendants waived their right to argue for clerical mistake under 60(a) because they failed to make any arguments about PX-21 at trial. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

Defendants raise similar arguments under Rule 60(b)(1). In this case, as the Court mentioned above, Defendants' litigation errors are not mistakes under Rule 60(b)(1). Defendants failed to raise the issue of damages at trial. The Court determined the amount of damages owed based on evidence Plaintiff presented at trial. *See Mt. Clemens,* 328 U.S. at 687 (stating employee or Secretary can submit sufficient evidence from which violations of the FLSA and the amount of an award may be reasonably inferred if employer fails to maintain records in accordance with FLSA).

Defendants also argue that under Rule 60(b)(6), they will suffer enormous harm paying more than 60% in damages. Defs.' Mot. at 10–11. Furthermore, Defendants argue that correcting PX-21 computations will not impose any unfair prejudice on Plaintiff given the significance of the errors. *Id.* at 11. However, Plaintiff argues that Defendants failed to show that the Court's determination on damages was a mistake. Pl.'s Resp. at 15. Additionally, Defendants had multiple opportunities to introduce their evidence if they chose to do so. *Id.* at 16. Lastly, Plaintiff argues that Defendants cannot demonstrate extraordinary circumstances because they failed to counter Plaintiff's evidence.

Here, Defendants cannot use their failure to present evidence to counter Plaintiff's damages calculations to argue for "extraordinary circumstances" under Rule 60(b)(6). Defendants were afforded a fair trial and had the opportunity to review the pleadings, discovery, and evidence presented at trial. Defendants had every civil procedure and evidentiary tool available to them to

use during the litigation process. It was Defendants own neglect to review the computations as the Court instructed that allowed the admission of PX-21 without objection. Thus, Defendants' Motion under Rule 60(a) – (b) is meritless and denied.

### D. Federal Rule of Civil Procedure 59

The Court believes Defendants are raising their issue regarding PX-21 under Rule 59. Rule 59 states that a court may grant a new trial for any reason "for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(b). The party must file a motion for a new trial no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Also, a party may seek to amend a judgment no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Both Defendants and Plaintiff raise the same arguments as above. In this case, a potential motion under Rule 59 is time-barred because Defendants filed the instant Motion 58 days after the Court entered judgment in favor of Plaintiffs. Thus, a potential motion under Rule 59 is time-barred.

### E. Defendants Waived Right to Attack PX-21

Assuming Defendants stated valid reasons for relief under Rule 52(b), 54(b), 59(a) – (b), and 60(a) – (b), Defendants waived their right to attack PX-21. A waiver is the "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733. Further, when a party fails to present an argument, it is deemed waived. *See e.g., Nystrom v. Trex Co.*, No. CIV.A. 2:01CV905, 2006 WL 208591, at *4 (E.D. Va. Jan. 25, 2006), *aff'd,* 200 F. App'x 987 (Fed. Cir. 2006) (finding plaintiff failed to present substantive arguments on the issue deeming it waived).

In this case, Defendants waived any procedural right to attack PX-21 because they failed

to make any arguments regarding the back wage computations before or during the trial. The Court informed Defendants that back wage computations would be based on the record and not anything presented after trial. *See* Trial Transcript, Day 3, 469–70, ECF No. 314. Despite the Court's warning, Defendants did not present evidence to counter PX-21 nor object to PX-21 admission. Thus, Defendants waived arguments regarding PX-21 in this Motion.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is **DENIED**. ECF No. 331. The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December  7 , 2023

Raymond A. Jackson
United States District Judge