**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



JULIE A. SU,
ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

               Plaintiff,

    v.

MEDICAL STAFFING OF AMERICA, LLC, d/b/a
STEADFAST MEDICAL STAFFING, and LISA
PITTS,

               Defendants.

Case No. 2:18–cv–226

Case No. 2:19–cv–475

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the United States Department of Labor's ("Plaintiff" or "DOL")
Motion for an Updated Order and Final Judgment. ECF No. 396 ("Pl.'s Mot.").[1] Plaintiff filed its
Memorandum in Support of its Motion. ECF No. 397 ("Pl.'s Mem."). Defendants filed their
Response in Opposition to Plaintiff's Motion. ECF No. 402 ("Defs.' Resp."). Plaintiff filed its
Reply to Defendants' Response. ECF No. 403 ("Pl.'s Reply"). Having carefully reviewed the
parties' briefs, the Court finds this matter ripe for judicial determination. For the reasons set forth
below, Plaintiff's Motion for an Updated Order and Final Judgment is **GRANTED** in part and
**DISMISSED** in part.

### I.    PROCEDURAL AND FACTUAL HISTORY

On May 2, 2018, Plaintiff initiated an enforcement action against Defendants, alleging
several Fair Labor Standards Act ("FLSA") violations. ECF No. 1. On January 14, 2022,
following a bench trial, the Court entered judgment in favor of Plaintiff, finding Defendants

---

[1] The Court notes that Plaintiff filed four motions requesting an updated order. ECF Nos. 329, 346, 382,
and 396. With this ruling on this Motion, ECF No. 396, the previous motions are moot.

liable for violating the FLSA for failing to pay overtime and maintain records. ECF Nos. 324, 325. In its Memorandum Opinion and Order, the Court enjoined Defendants from committing further FLSA violations and accepted Plaintiff's back wage calculations and methodology, finding that Defendants owed $3,619,716.49 for overtime violations from August 18, 2015 to June 27, 2021 and an equal number of liquidated damages, totaling $7,229,432.98. ECF No. 324, (the "Court's Order" or "Order"). In that same Order, the Court instructed Plaintiff to provide an updated calculation of additional back pay and liquidated damages for any continuing violations within sixty days of the Order. *Id.*

On March 11, 2022, Plaintiff submitted an updated back wage calculations notice for $9,075,285.66, an amount that includes $1,835,852.68 in added back wages and liquidated damages. ECF No. 329. On March 13, 2022, Defendants filed a Motion for Relief in Connection with Plaintiff's Trial Exhibit PX-21 and opposition to Plaintiff's March 11 "Updated Back Wage Computations," claiming that Plaintiff's backpay and liquidated damage calculations included several computational errors. On December 7, 2023, the Court denied Defendants' Motion for Relief. ECF No. 411. On July 14, 2022, Plaintiff filed a Motion for Entry of an Updated Order, ECF Nos. 346, 347, requesting $9,075,285. 66, which Defendants opposed, ECF No. 350.

On December 22, 2022, the Court ordered Defendant to Show Cause within thirty days regarding whether to sanction them for allegedly failing to comply with the Court's Order. ECF No. 363. On January 23, 2023, Defendants filed their response to the Court's Show Cause Order. ECF No. 364. On February 6, 2023, Plaintiff filed its reply to Defendants' response to the Court's Show Cause Order. ECF No. 365. On March 2, 2023, the Court held a hearing on the Show Cause Order. ECF No. 370. On November 29, 2023, the Court issued its Memorandum Opinion and Order dismissing the Court's Show Cause Order. ECF No. 408.

2

On April 20, 2023, Plaintiff submitted its second updated back wage computations notice for $9,618,040.08. ECF No. 382. On May 12, 2023, Defendants filed their Motion to Strike Plaintiff's Claim for Liquidated Damages based on the Show Cause Order. ECF No. 385. On November 30, 2023, the Court issued an order denying and dismissing Defendants' Motion to Strike because the Court dismissed the Show Cause Order. ECF No. 410.

On October 1, 2023, Plaintiff filed its current Motion for an Updated Order and Final Judgment. Plaintiff filed its Memorandum in Support requesting $9,618,040.08 in back wages and liquidated damages for the period of August 18, 2015 to January 30, 2023. Defendants filed their Response in Opposition to Plaintiff's Motion, arguing that the Court's Order was not final and PX-21 (an exhibit admitted at trial) is complete with computation errors. Plaintiff filed its Reply to Defendants' Response.

## II.   LEGAL STANDARD

Under Section 7 of the FLSA it states

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. § 207(a)(1). The FLSA also requires employers who are subject to any of its provisions to maintain and keep proper records of the "persons employed" and "the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). Sections 215(a)(2) and 15(a)(5) prohibit an employer from violating these requirements. The Secretary is authorized to collect from any employer who violates Section 7 of the FLSA and seek back pay and an equal amount of liquidated damages under 29 U.S.C § 216(b). Liquidated damages are

3

not penal in nature "but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "It constitutes a Congressional recognition that failure to pay the statutory minimum . . . may be so detrimental to [the] maintenance of the minimum standard of living . . . that double payment must be made in the event of delay [][] to [ensure] restoration of the worker to that minimum standard of well-being." *Id.*

However, a court may reduce or deny liquidated damages if the defendants show that their act or omission was done in good faith and not in violation of the FLSA. 29 U.S.C. § 260. The Fourth Circuit interpreted § 260 "to place a plain and substantial burden upon the employer to persuade the court that the failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *See Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (internal quotations and citations removed).

### III.   DISCUSSION

#### A. Back Wages

After a seven-day bench trial, the Court found Defendants in violation of the FLSA. Court's Order. In that Order, the Court determined Defendants owed their employees $3,619,716.49 in back wages for the period of August 18, 2015 through June 27, 2021 ("First Period"). *Id.* at 16. Additionally, the Court directed Plaintiff to provide an update on the back wages and liquidated damages Defendants owe, which Plaintiff did four times. ECF Nos. 329, 346, 382, 396. Section 29 U.S.C. § 216(b) states an employer who violates the FLSA "shall be liable to the . . . employees affected in the amount of . . . their unpaid compensation." 29 U.S.C.

4

§ 216(b).

Plaintiff calculated the back wages Defendants owe for the First Period using the information in Defendants' payroll records. ECF No. 329. To compute this amount for Defendants' employees who didn't receive overtime pay, Plaintiff divided "each employee's gross weekly wage by the employee's total hours worked for that workweek." *Id.* "Where the total numbers of hours a nurse worked in [] one workweek exceeded 168 . . . Plaintiff then used an average of 112 hours as the maximum hours worked to adjust the back-wage calculation." *Id.* "Plaintiff then multiplied each employee's regular rate of pay by the hours worked over 40 in that workweek and multiplied the resulting number by .5 to account for the fact that [Defendants] paid the employees for every hour worked." *Id.* The number resulted in the total back wages Defendants owe their employees for that workweek. *Id.* Defendants dispute Plaintiff's calculations in their Motion for Relief of PX-21, ECF No. 331; however, the Court denied Defendants' Motion. ECF No. 411.

Secondly, Plaintiff submitted that Defendants owe $917,926.34 in back wages for June 20, 2021 through January 28, 2022 ("Second Period"). ECF No. 329. Plaintiff computed the calculations the same as previously mentioned. *Id.* Defendants dispute the calculations in their Motion; however, as stated above, the Court denied Defendants' Motion. ECF No. 411. Lastly, Plaintiff submitted Defendants owe $271,377.57 in back wages for January 29, 2022 through January 30, 2023 ("Third Period"). ECF No. 382. Plaintiff computed the calculations the same as previously mentioned. *Id.* However, Plaintiff compared its calculations to Defendants' calculations that Defendants' auditor submitted, ECF No. 375 at. Ex. A, and found a discrepancy of $557.57.[2] ECF No. 382. Defendants agreed to pay the additional $557.57. *Id.* Thus, the Court finds that Defendants owe $3,619,716.49 for the First Period, $917,926.34 for the Second Period,

---

[2] Defendants' auditor determined Defendants owe $270,820.00. ECF No. 375 at Ex. A.

and $271,377.57 for the Third Period.

## B. Liquidated Damages

Plaintiff established an award of liquidated damages is appropriate in this case. The FLSA provides that an employer who fails to pay minimum wages and overtime is liable for liquidated damages in the amount equal to the unpaid minimum wages and overtime compensation. 29 U.S.C. § 216(b). Defendants contest the liquidated damages for the three periods; however, the Court will grant liquidated damages for two periods.[3] In the Court's Memorandum Opinion and Order issued on December 7, 2023, the Court stated that Defendants failed to introduce evidence to counter Plaintiff's calculations at trial nor did Defendants object to Plaintiff's calculations at trial. ECF No. 411. Those calculations became part of the record, and the Court ruled in favor of Plaintiff. *Id.* Additionally, the Court directed Plaintiff to provide an updated back wage and liquidated damages calculation. *Id.* Plaintiff submitted its calculations on March 11, 2022, ECF No. 329, and on July 14, 2022. ECF Nos. 346, 347. Given Defendants' knowledge of their violations, the Court awards Plaintiff liquidated damages equal to the amount of back wages for the First Period and the Second Period.

However, the Court will not award liquidated damages for the Third Period. A court can deny or reduce liquidated damages if the defendants can show they acted in good faith. 29 U.S.C. § 260. Here, Defendants began complying with the Court's Order on February 8, 2022. ECF No. 375 at Ex. A. Although delayed, the Court will not penalize Defendants for being 1% out of compliance. *See Id.* (concluding Defendants' noncompliance accounted for 1% of the back pay they owe to their employees). Thus, the Court grants Plaintiff liquidated damages for the First Period and the Second Period.

---

[3] The Court grants liquidated damages for the First Period and the Second Period.

## C. Award Calculation

The Court finds that Defendants owe Plaintiff $9,346,663.23. The Court calculated the back wages Defendants owe, adding $3,619,716.49 for the First Period, plus $917,926.34 for the Second Period, totaling $4,537,642.83, plus an equal amount of liquidated damages, totaling $9,075,285.66, plus $271,377.57 in back wages for the Third Period, for a final judgment of $9,346,663.23.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for an Updated Order and Final Judgment is **GRANTED** in part and **DENIED** in part. ECF No. 396.

The request to approve $9,618,040.08 in back wages plus liquidated damages is **DENIED**. After reviewing the briefs, the Court finds it appropriate to reduce the liquidated damages. The Court hereby **APPROVES $9,346,663.23 in back wages and liquidated damages.**

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
December ⩍ , 2023

Raymond A. Jackson
United States District Judge